Plaintiff MOHAMED ABOUELHASSAN,
In PRO SE

Mailing Address: 805 BORDEN RAE CT,
SAN JOSE, CA 95117

Phone: 510-501-1800
Fax: 408-615-1818
Email: egyptusa76@msn.com

FILED

2007 AUG -b P 4: 01

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

#5
Fee Pd
84NP



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISIONAL OFFICE

Mohamed Abouelhassan
In PRO SE
            *Plaintiff,*

    *v.*

Elena Levintova Allison, Department of
Defense, Defense Language Institute

            *Defendants.*

Case No. **C07  04038  RS**

COMPLAINT FOR DISCRIMINATION
UNDER THE EQUAL PAY ACT OF 1963,
FOR DISCRIMINATION, HARASSMENT,
AND DISPARATE IMPACT UNDER THE
CIVIL RIGHTS ACT OF 1964, FOR
BREACH OF CONTRACT, AND FOR
LIBEL DEFAMATION OF CHARACTER

Plaintiff MOHAMED ABOUELHASSAN alleges as follow:

1.      Plaintiff Mohamed Abouelhassan is a United States citizen, resident of the State

of California, and employed by the Department of Defense, Defense Language Institute since

04/03/2006 under the supervision of Defendant Elena Levintova Allison.

COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR
DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL
RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR  LIBEL
DEFAMATION OF CHARACTER
- 1

2.    Plaintiff is informed and believes, and thereon alleges, that one or more of the Defendants are, and were at all times relevant herein, either residents of the State of California, doing business in the State of California, or otherwise engaging in activity creating sufficient contact with the State of California to give rise to this jurisdiction.

<u>JURISDICTION AND VENUE</u>

3.    This Court has jurisdiction pursuant to SEC. 707. (b) of the Civil Rights Act of 1964., the Administrative Procedures Act; 5 U.S.C. § 552(a)(4)(B)(Freedom of Information Act). The Equal Pay Act of 1963,   and 5 U.S.C. § 504, the Equal Access to Justice Act. Venue in this Court is appropriate because Plaintiff resides within the district and in that Plaintiff may request a hearing on the matter in the District where Plaintiff resides. Also because one or more of the Defendants is a United States Federal Agency operating within the jurisdiction of this Court.

4.    Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each of the Defendants was the agent of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of the other Defendants.

<u>GENERAL ALLEGATIONS</u>

5.    Plaintiff Mohamed Hossni Abouelhassan is a Male citizen of The United States of America, with Arab (Egyptian) Middle Eastern origin. As a civil Federal employee, he belongs to several protected groups under the Civil Rights Act of 1964 and he is protected under the Equal Pay Act of 1963.

<u>COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR  LIBEL DEFAMATION OF CHARACTER</u>

6.    Plaintiff has an Agreement with his employer Defense Language Institute (DLI) called "Alternate Workplace (Flexiplace) Agreement", Exhibit 1, from now on is referred to as the Agreement. This Agreement is signed by the Dean of the Division, STEVEN KOPPANY, Dean of Curriculum Development, and by Defendant Elena Levintova Allison, Plaintiff's supervisor and dated 05/14/2007. This Agreement allows the Plaintiff to work from home during the same business hours.

7.    Plaintiff started working with Defense Language Institute (DLI) on or about 04/03/2006 with a salary of $52000.00, and a colleague of the Plaintiff was hired in the same rank as the Plaintiff's, in the same team as the Plaintiff's, and to do the job that requires the same skills, efforts, responsibility and under similar work conditions as the Plaintiff's with a salary of $58000.00. This colleague is of the opposite sex of the Plaintiff and was hired on or about 03/27/2006; one week before the Plaintiff was hired.

8.    Plaintiff is informed and believes, and thereon alleges, that on or about 07/23/2007 Defendant Elena Levintova Allison made inaccurate and misleading statements about the Plaintiff and his productivity by claiming to higher management that Plaintiff has completed zero lessons so far and henceforth he deserves to be put under Defendant Elena Levintova Allison  immediate supervision and guidance, therefore Defendant Elena Levintova Allison recalled Plaintiff from working off-site to work from the employer's station in Monterey, CA, and placing Plaintiff under  60 days probation.

9.    Defendant Elena Levintova Allison, is the Plaintiff's supervisor, and is sued here in her official capacity.

**COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR  LIBEL DEFAMATION OF CHARACTER**

10.    Defendant Department of Defense, Defense Language Institute (DLI) is a component of the U.S. Department of Defense, and is the Plaintiff's employer, and is sued here in its official capacity as a federal government agency.

## FIRST CAUSE OF ACTION

### (Discrimination under the Equal Pay Act of 1963- Against all Defendants)

11.    Plaintiff realleges and incorporates Paragraphs 1 through 10 as though fully set forth herein.

12.    On or about 04/03/2006 Plaintiff joined the Defense Language Institute (DLI) with a salary of $52000.00, and a colleague of the Plaintiff, Svetlana Whitmer, was hired in the same rank as the Plaintiff's rank, in the same team as the Plaintiff's, and to do the job that requires the same skills, effort, responsibility and under the similar work conditions as the Plaintiff's, with a salary of $58000.00. This colleague is of the opposite sex of the Plaintiff's sex and was hired on or about 03/27/2006; one week before the Plaintiff was hired. Once he learned the amount of the salary his colleague was hired for, on or about May 2006 Plaintiff talked to his supervisor Defendant Elena Levintova Allison about the difference in salary; her response was "there is nothing that can be done about it." Plaintiff then talked to another senior colleague Teresa Gryminsky, who is knowledgeable about the union, in order for Teresa Gryminsky to talk to the president of the union about the equal pay rights. The president of the union did talk to the personnel office and came back with the result that it is too late to adjust the Plaintiff's salary because Plaintiff has already signed the employment offer of

COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR  LIBEL DEFAMATION OF CHARACTER

$ 52000.00/year.

13.    Plaintiff is informed and believes, and thereon alleges, that the Defendants are in violation of the Equal Pay Act of 1963 which states that: *"SEC. 206. [Section 6] (d) (1) No employer having employees subject to any provisions of this section shall discriminate, within any establishment in which such employees are employed, between employees on the basis of sex by paying wages to employees in such establishment at a rate less than the rate at which he pays wages to employees of the opposite sex in such establishment for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions."*

## SECOND CAUSE OF ACTION

(Discrimination, Harassment and Disparate Impact under the Civil Rights Act of 1964 -

Against all Defendants)

14.    Plaintiff realleges and incorporates Paragraphs 1 through 13 as though fully set forth herein.

15.    Plaintiff is informed and believes, and thereon alleges, that the Defendants are in violation of the Civil Rights Act of 1964 by practicing discrimination, harassment and disparate impact actions against Plaintiff by his supervisor Defendant Elena Levintova Allison, who is a Federal government employee.

16.    According to the Agreement of 05/14/2007 signed by Defendant Elena Levintova Allison, her supervisors and Plaintiff, Plaintiff started working off-site effective 05/14/2007 at his home which is located more than 50 miles away from the original duty station. On or about 07/23/2007 Plaintiff has been recalled by his supervisor Defendant Elena Levintova Allison to

COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR LIBEL DEFAMATION OF CHARACTER

return to his duty station in Monterey, CA. Defendant Elena Levintova Allison based her recall of the Plaintiff on the claim that he is behind in his production, therefore Plaintiff has to work under her immediate supervision. Plaintiff attempted to explain to Defendant Elena Levintova Allison that he is not behind on his production, and further more that this recall will put him and his entire new family under a great deal of stress and financial burden; Plaintiff has already moved out of Monterey, CA upon the execution of the Agreement 05/14/2007. The Defendant Elena Levintova Allison's recall of the Plaintiff leaves him with only options: to rent a place in Monterey which will put him in extreme financial hardship; or to stay in a hotel which will exhaust his budget and will put an emotional burden on him and his entire family, or to drive everyday for over 2 hours each way, which means less hours of sleep, financial hardship and less productivity. Defendant Elena Levintova Allison answered in an ironic tone "I am sorry, but this is not negotiable, what did you expect?!" Defendant Elena Levintova Allison is working 2 days a week from home even though she lives about 20 minutes away from the duty station in Monterey, CA. Her job as a supervisor requires attendance at the duty location 5 days a week due to her administrative duties. Plaintiff was recalled to work on-site 5 days a week while Defendant Elena Levintova Allison is working 3 days a week.

17.     On or about Friday 07/27/2007, Defendant Elena Levintova Allison asked the Plaintiff to develop 2 lesson plans for 2 new lessons. This task can take less than one day. Plaintiff had to choose 2 texts to be translated into English from Arabic, the translator delivered the translation on Monday 07/30/2007, and the Plaintiff finished the 2 lesson plans on Monday 07/30/2007. Plaintiff had to wait till Wednesday 08/01/2007 for his supervisor to come

**COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR LIBEL DEFAMATION OF CHARACTER**

back from working off-site to review his 2 lesson plans. Defendant Elena Levintova Allison works Tuesdays and Thursdays from home. An Action which contradicts with Defendant Elena Levintova Allison recalling Plaintiff back to his duty station to be under the immediate supervision and guidance of Defendant Elena Levintova Allison.

18.    On or about 07/23/07, Defendant Elena Levintova Allison stated that Plaintiff is behind in his production claiming that Plaintiff delivered zero lessons, and as a result of that Defendant Elena Levintova Allison put Plaintiff under probation. Plaintiff asked to enforce the Agreement and return back to work from home, Defendant Elena Levintova Allison's answer was: "you [Plaintiff] cannot go back to work from home at least not in this fiscal year nor the next fiscal year." Plaintiff tried to explain to Defendant Elena Levintova Allison that her statements regarding his production are not accurate and lack merits by saying: "In my opinion I have delivered….." Defendant Elena Levintova Allison interrupted the Plaintiff in an official meeting during the business hours on the official business premises in an angry tone saying: "you [Plaintiff] need to change your opinion; we will not waste our time on this." Defendant Elena Levintova Allison did not give Plaintiff the opportunity to express his professional opinion about his own productivity nor to defend himself against Defendant Elena Levintova Allison's inaccurate and misleading statements. Plaintiff at that point delivered 8 lessons, and all of them were placed in the VPN, which is the network to exchange large files on the internet between developers. Plaintiff has the reviews of his lessons which state that Plaintiff's lessons are missing audio files, a problem of the server of DLI, not the Plaintiff's mistake, Exhibit 2,3. Since 07/23/2007 Plaintiff attempted to resolve these issues through talking

**COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR  LIBEL DEFAMATION OF CHARACTER**

to higher management, Gerd Brendel, who answered "I am sorry it came down to this, Elena is holding on to her decision" and Kiril Boyadjieff, who answered "I am sorry but I can't overrule Elena's decision,..... you just have to wait and probably the next fiscal year we can see about sending you back to work off-site."

19.    On or about July 23rd 2007, Defendant Elena Levintova Allison recalled Plaintiff to his original duty station Monterey, CA. Plaintiff worked from 07/23/07 to 07/27/07 in unsuitable, unprofessional and unacceptable work station. Work station was not ready for the entire week of 07/23/07 to 07/27/07: there was no phone connected, no email configured, no access to the work network, his computer was not connected to any printer. His supervisor, Defendant Elena Levintova Allison, was calling Plaintiff on his own personal cell phone to communicate with him during business hours. When Plaintiff asked Defendant Elena Levintova Allison to make arrangements to bring Plaintiff's work station to a working condition, which is Defendant Elena Levintova Allison's job to take care of such administrative issues. Defendant Elena Levintova Allison asked the Plaintiff to "go and talk to the technician to take care of all that." Defendant Elena Levintova Allison was aware of the Plaintiff's return to his duty station, Defendant Elena Levintova Allison did not perform her job functions of providing the Plaintiff with professional and equally suitable work station, and instead she asked the aggrieved Plaintiff to solve these problems.

20.    Plaintiff's further attempts to reach some common grounds regarding this matter with Defendant Elena Levintova Allison have come to a dead end. Plaintiff proceeded to plead his case to her immediate supervisors Mr. Gerd Brendel and Mr. Kiril Boyadjieff the

**COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR LIBEL DEFAMATION OF CHARACTER**

Associate Dean, both of them acknowledged the grieve that the Plaintiff is suffering, however they both had the same answer "that we cannot overrule her decision." Mr. Gerd Brendel talk to Defendant Elena Levintova Allison about the Plaintiff's case, he mentioned to Defendant Elena Levintova Allison that in the instructions and guidelines provided to the Plaintiff and other developers there is only one deadline to delivering lessons which is at the end of the fiscal year in September 30th 2007 to deliver 15 lessons. The instructions that were given to the Plaintiff and to the rest of the developers at the beginning of the year were to deliver only 8 lessons per year. Then these instructions were changed to 15 lessons per year sometime around March 2007, in addition to the changes regarding joining the Weekly Training Events (WTE) team; Defendant Elena Levintova Allison's team which include the Plaintiff, with the GLOSS team, which translates into changing the WTE format from 3 lessons per unit to one 4 hours lesson per unit and the time spent on training and off production to adjust to the new formats according to the new changes; then separating the 2 teams again later on around March 2007 followed by another set of training - time spent off of production. Defendant Elena Levintova Allison answered to all this saying "no way. I don't want to get into other people's problems."

21.    Around 07/23/2007 the average developed lessons per developer was 6 or 7 lessons. Plaintiff developed 8 lessons by that time. Defendant Elena Levintova Allison disregarded this fact and proceeded with an undue disciplinary action against Plaintiff.

22.    The end of the fiscal year is 09/30/2007. Plaintiff is informed and believes, and thereon alleges, that due to mismanagement and constant change in instructions and guidelines all developers in Defendant Elena Levintova Allison's team developed about 7 lessons in

COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR LIBEL DEFAMATION OF CHARACTER

average so far on 08/06/2007. According to the last instructions and guidelines, developers have to develop another 8 lessons in less than 2 months to meet the required 15 lessons per year. Plaintiff is one of 2 developers in Defendant Elena Levintova Allison's team who was subject to disciplinary actions and recall to the duty station due to Defendant Elena Levintova Allison's inaccurate and misleading statements regarding Plaintiff's production.

23.    On or about 08/01/2007 Defendant Elena Levintova Allison at the Federal Government premises, during official business hours has made racial remarks about the Arab race, saying in a sarcastic way that "these Arabs get high degrees from their countries without even knowing grammar."

24.    On or about Monday 07/30/2007 at 3:00 pm at the Federal Government premises, during official business hours, at her cubical, Defendant Elena Levintova Allison engaged in a racial, derogatory and slanderous conversation with the supervisor of GLOSS team, Natasha Antokhin, in their native language, Russian,, about Arabs and 2 Arab developers working in their teams; namely, Alaa Elghanam and Amal Fraghaly. The transcript of the conversation is *"Natasha: Амал, та ещё зараза (colloquial for a bad person), упирается – Amal, the bad person is being difficult/stubborn*

*нет опыта работы в DLI...-    does not have the experience working at DLI*

*глупые арабы,  делай как говорят – stupid Arabs,  do as told*

*Elena: ... я знаю    -    I know...*

*Natasha: она не понимает – she does not understand*

*«Алаа, который совсем не соображает, что делает» - Alaa who totally does not have a clue what he is doing*

COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR  DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR  LIBEL DEFAMATION OF CHARACTER

-10

*Новенького можно шпынять – a newcomer it is possible to kick around*

*Вон испанка пришла, я её пошпыняла, теперь она делает perfect – look, the Spanish came and I have kicked her around, now she is doing good LOs*
*Elena: I cannot recommend Mohmed, but Kamal probably could ..."*

25.    Defendant Elena Levintova Allison singled out the Plaintiff in the sick leave procedures. Defendant Elena Levintova Allison asked Plaintiff to bring a document from the doctor every time he requests a sick leave, and when he provided her with a document of his one day sick leave on the 24 of July 2007 stating his name and the date of the visit on the doctor's office letterhead, Defendant Elena Levintova Allison asked Plaintiff that "this time is fine, but from now on you have to get the doctor to specify the time of the visit in the letter." The Plaintiff is the only member of the Defendant Elena Levintova Allison's team who is asked to provide such a document and in such specifications. An action which is intimidating and puts the Plaintiff in unequal position among his peer employees. An employer may take reasonable measures to verify or document that an employee's use of paid sick leave is lawful. Thus, an employer "may confirm that the employee's use of paid sick leave was for a reason and for a person specified" under the law. A doctor's note or other medical documentation may be required for absences of more than three consecutive work days. If an employee is absent three or fewer consecutive work days, an employer may not require the employee to furnish a doctor's note for the use of paid sick leave.

26.    Defendant Elena Levintova Allison informed the Plaintiff that he is now under 60 days probation. Plaintiff asked Defendant Elena Levintova Allison what the consequences

**COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR LIBEL DEFAMATION OF CHARACTER**

of such probation are. Defendant Elena Levintova Allison answered in a threatening voice "Mohamed, you will not like it."

27.    Plaintiff is informed and believes, and thereon alleges, that the Defendants are in violation of the Civil Rights Act of 1964 by practicing discrimination, harassment and disparate impact actions against the Plaintiff who belongs to several protected groups under the Civil Rights Act of 1964. Such actions of discrimination, harassment and disparate impact actions put undue and uncalled for enormous amount of stress, tension, worries and uncertainty about the Plaintiff's job.

## THIRD CAUSE OF ACTION

### (Breach of Contract - Against all Defendants)

28.    On or about 05/14/07 Plaintiff entered into agreement with DLI to work off site from his home. On or about the week of 05/07/2007 before the execution of the agreement Defendant Elena Levintova Allison reviewed Plaintiff's lessons produced up till that point. Defendant Elena Levintova Allison recalled the Plaintiff for a week from 06/18/2007 to 06/22/2007 for training and reviewing at the original work location. On 07/23/2007 Defendant Elena Levintova Allison permanently recalled Plaintiff to the original work location in Monterey, CA under the claim that he is behind in his production. The Agreement states that *"In accordance with potentially changing mission requirements, CD management may revise or adjust this schedule at any time with an advance notice of not less than five (5) calendar days or more to the employee."*

**COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR LIBEL DEFAMATION OF CHARACTER**

29.    Plaintiff is informed and believes, and thereon alleges, that Defendants are in breach of the Agreement by recalling him to his original work location after 2 months of its execution and without any *"change in the mission."* Or at least the Plaintiff was not provided with any change in the mission, nor any other solid legitimate reason.

30.    Plaintiff is informed and believes, and thereon alleges, that the breach of this Agreement is a per se discriminatory action against him pursuant to Title VII of the Civil Rights Act of 1964: Equal Employment Opportunity.

### FOURTH CAUSE OF ACTION

(Libel Defamation of Character – Against Defendant Elena Levintova Allison)

31.    Plaintiff realleges and incorporates Paragraphs 1 through 30 as though fully set forth herein.

32.    Plaintiff is informed and believes, and thereon alleges, that on or about 07/23/2007 Defendant Elena Levintova Allison made statements about the Plaintiff and his professionalism by publishing or causing to be published false statements. The statements posted by Defendant Elena Levintova Allison about Plaintiff contain false, misleading and damaging information about Plaintiff. Plaintiff is informed and believes, and thereon alleges, that on or about 07/23/2007, this false statement was read by at least one or more third party other than the Plaintiff and the Defendant Elena Levintova Allison.

33.    This false publication is libelous on its face. On its face, it harms Plaintiff's reputation, and impugns Plaintiff's integrity. Plaintiff also contends that the publication

COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR  LIBEL DEFAMATION OF CHARACTER

affects present and may affect potential employers and employment opportunities, other official or non official interest in Plaintiff's qualifications and general integrity.

34.    Defendant Elena Levintova Allison's above statements were in fact false and misleading.

35.    This false publication was seen and read by third parties.

36.    As a proximate result of the above described publication, Plaintiff has suffered damages in an amount in excess of the jurisdictional minimum of this Court, and to be proved at trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment as follows:

1.    An award of consequential, general, special and compensatory damages, according to proof at trial;

2.    Costs and expenses including attorneys fees reasonably incurred in connection with commencement and prosecution of this action;

3.    For this Court to enforce the Agreement between Plaintiff and Defendants;

4.    For Defendants to remove such defamatory statements from Plaintiff's personnel file, and to void any subsequent actions or decisions;

5.    That Plaintiff to be allowed to keep his employment medical benefits for himself and his dependants for life;

## COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR LIBEL DEFAMATION OF CHARACTER

6.    Award of amount equal to double the difference of pay between the Plaintiff's salary and Svetlana Whitmer's salary in addition to interest, since 04/03/2006 till present, and adjusting the Plaintiff's salary to be equal to Svetlana Whitmer's salary pursuant to the Equal Pay Act of 1963;

7.    Award of damages in amount equal to $300,000.00 pursuant to the Civil Rights Act of 1964;

8.    Award of damages and expenses resulting from Defendants breach of contract and Libel Defamation, according to proof at trial;

9.    Costs of suit; and

10.    Grant any and all further relief this Court deems just and proper.

Dated: August 06, 2007                    Respectfully submitted,

MOHAMED ABOUELHASSAN
In PRO SE
805 BORDEN RAE CT,
SAN JOSE, CA 95117
Telephone (510) 501-1800
Email: egyptusa76@msn.com

**COMPLAINT FOR DISCRIMINATION UNDER THE EQUAL PAY ACT OF 1963, FOR DISCRIMINATION, HARASSMENT, AND DISPARATE IMPACT UNDER THE CIVIL RIGHTS ACT OF 1964, FOR BREACH OF CONTRACT, AND FOR LIBEL DEFAMATION OF CHARACTER**

- 15