SCOTT N. SCHOOLS (SCBN 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081
Claire.Cormier@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mohamed Abouelhassan,　　　　　　) | Case No. C 07-4038 RS |
| 　　　　　　　　　　　　　　　　　) | |
| 　　　Plaintiff,　　　　　　　　　) | DEFENDANTS' NOTICE OF MOTION |
| 　　　　　　　　　　　　　　　　　) | AND MOTION TO DISMISS |
| 　　v.　　　　　　　　　　　　　　) | |
| 　　　　　　　　　　　　　　　　　) | Date: November 14, 2007 |
| Elena Levintova Allison, Department of　) | Time: 9:30 a.m. |
| Defense, Defense Language Institute,　　) | Courtroom 4, 5th Floor |
| 　　　　　　　　　　　　　　　　　) | Honorable Richard Seeborg |
| 　　　Defendants.　　　　　　　　　) | |

    **PLEASE TAKE NOTICE** that defendants Elena Levintova Allison, Department of

Defense, and Defense Language Institute, will move this Court on November 14, 2007 at 9:30

a.m. in Courtroom 4, 5th Floor, United States Courthouse, 280 South First Street, San Jose,

California, before the Honorable Richard Seeborg, U.S. Magistrate Judge, pursuant to Fed. R.

Civ. P. 12(b)(1) and 12(b)(6), for an order dismissing plaintiff's Complaint For Discrimination

Under the Equal Pay Act of 1963, for Discrimination, Harassment, and Disparate Impact Under

the Civil Rights Act of 1964, for Breach of Contract, and for Libel Defamation of Character (the

"Complaint").  The motion is based on this notice, the memorandum of points and authorities,

the accompanying declaration of Monica Altamirano, and all the matters of record filed with the

Court, and such other evidence as may be submitted.

1    Pursuant to Civil Local Rule 7-3, plaintiff's opposition must be served and filed no later
2    than 21 days before the hearing.  If plaintiff serves the opposition by mail, it must be mailed three
3    days before the due date, pursuant to Civil Local Rule 5-5.

4    ## STATEMENT OF RELIEF SOUGHT

5    Defendant seeks an order dismissing this case for lack of subject matter jurisdiction
6    and/or for failure to state a claim upon which relief may be granted.

7    ## ISSUES TO BE DECIDED

8    1.  Whether this Court lacks subject matter jurisdiction over plaintiff's Equal Pay Act and
9    breach of contract claims due to the Tucker Act and Little Tucker Act restrictions.

10    2.  Whether plaintiff's breach of contract claim should be dismissed due to Title VII
11    being the exclusive remedy for redress of federal employment discrimination, particularly given
12    plaintiff's allegation that the alleged breach of contract was an act of discrimination barred by
13    Title VII.

14    3.  Whether the named defendants are appropriate defendants for a Title VII action.

15    4.  Whether the Court lacks subject matter jurisdiction over plaintiff's Title VII claim due
16    to plaintiff's failure to exhaust administrative remedies.

17    5.  Whether the Court lacks subject matter jurisdiction over plaintiff's tort claims due to
18    plaintiff's failure to exhaust administrative remedies.

19    6.  Whether the Court lacks subject matter jurisdiction over plaintiff's tort claims due to
20    the limited waiver of sovereign immunity as stated in the Federal Tort Claims Act.

21    ## MEMORANDUM OF POINTS AND AUTHORITIES

22    ## I. INTRODUCTION

23    Plaintiff, Mohamed Abouelhassan, brings the instant action purportedly against his
24    employer, the Defense Language Institute (hereinafter "DLI") of the Department of Defense, and
25    Elena Levintova Allison, in her official capacity as his immediate supervisor at DLI.  Plaintiff
26    raises various allegations of discrimination concerning his pay, work location, and criticism of
27    his work performance.  Specifically, Abouelhassan alleges: (1) all defendants violated the Equal
28    Pay of Act of 1963, 29 U.S.C. § 206(d), (hereinafter "EPA")  when he was hired at a lower salary

1  than a female colleague; (2) all defendants discriminated against him in violation of the Civil

2  Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*., (hereinafter "Title VII"); (3) all defendants

3  breached a contract to allow him to work from home; and (4) that Ms. Allison libeled and

4  defamed him by posting negative comments about him.  (*See* Complaint.)

5          This Court should dismiss all claims for lack of subject matter jurisdiction pursuant to

6  Federal Rule of Civil Procedure (Fed. R. Civ. P.) 12(b)(1).  Alternatively, the Court should

7  dismiss the claims for failure to state a claim upon which relief may be granted pursuant to Rule

8  12(b)6).

9          Any claim against Ms. Allison or DLI predicated upon Title VII should be dismissed

10  because, as a matter of law, they cannot properly be a defendant under the statute and because

11  plaintiff failed to exhaust his administrative remedies.  Likewise, any claim for libel or

12  defamation is barred by the Federal Claims Tort Act ("FTCA") because of plaintiff's failure to

13  exhaust administrative remedies, because neither DLI nor Ms. Allison is a proper defendant for

14  FTCA claims, and because of the FTCA's exclusion for the torts alleged.  To the extent

15  plaintiff's EPA and breach of contract claims are independent of his Title VII claims, the Court

16  lacks subject matter jurisdiction over those claims pursuant to the Tucker Act, 28 U.S.C. § 1491.

17  Finally, the Court lacks subject matter jurisdiction over plaintiff's breach of contract claim

18  because Title VII is the exclusive remedy for alleged discrimination in federal employment.

19                          **II.  STATEMENT OF FACTS**[1]

20          Mr. Abouelhassan has been a federal employee with the Defense Language Institute

21  ("DLI") since April of 2006.  (Complaint, p. 1, ¶ 1.)  Plaintiff's immediate supervisor is Elena

22  Levintova Allison.  Plaintiff is suing Ms. Allison in her official capacity.  (Id. at p. 3, ¶ 9.)

23  Plaintiff alleges that an unidentified female colleague was hired in March of 2006 at a pay rate

24  that exceeds his pay rate by $6,000.00 per year.  (Id at p. 3, ¶ 7.)  Mr. Abouelhassan admits that

25  he was aware of this alleged pay disparity by May of 2006.  (Id at p. 4, ¶ 12.)  Plaintiff and his

26

27  ────────────────

28          [1]Many of the "facts" presented in this motion are based on plaintiff's allegations.
Defendant presents these facts only for purposes of this motion.  Should this case proceed beyond
this motion, defendant will present evidence disputing many of plaintiff's allegations.

1    supervisors executed a written agreement that allowed plaintiff to work from home starting May

2    14, 2007. (Id at p. 5-6, ¶ 16.)  Mr. Abouelhassan signed an agreement that acknowledged

3    management could "revise or adjust this schedule at any time with an advance notice of not less

4    than five (5) calendar days or more to the employee."  (Id. at p. 12, ¶ 28.)[2]  Plaintiff claims that,

5    on July 23, 2007, he was recalled to work at his duty station in Monterey, California.  (Id. at p. 5-

6    6, ¶16)  Plaintiff also alleges that his immediate supervisor, Ms. Allison, made false statements

7    about his professionalism on July 23, 2007.  (Id. at p. 13, ¶ 32.)

8        The Complaint does not allege compliance with any required administrative remedies that

9    are prerequisites to Title VII actions or tort actions against the federal government.  DLI has no

10    record of plaintiff contacting an Equal Employment Opportunity counselor or otherwise

11    attempting to exhaust administrative remedies.

12                            **III.  ARGUMENT**

13

14    A.    **Standard of Proof for Motion to Dismiss for Lack of Subject Matter Jurisdiction**

15        A Rule 12(b)(1) motion can either challenge the sufficiency of the pleadings to establish

16    federal jurisdiction or the substance of the jurisdictional allegations despite the formal

17    sufficiency of the complaint.  *Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp.*, 594 F.2d

18    730, 733 (9th Cir. 1979). Where defendant challenges the actual existence of jurisdiction, as in

19    this case, plaintiff's allegations are not presumed to be truthful, and plaintiff has the burden of

20    proving jurisdiction exists.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495,

21    499 (9th Cir. 2001); *Thornhill Publ. Co. Inc.*, 594 F.2d at 733.  Plaintiff must present admissible

22    evidence to satisfy this burden.  *Ass'n of Am. Medical Colleges, v. United States*, 217  F.3d 770,

23    778 (9th Cir. 2000); *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989), *cert denied*,

24    493 U.S. 993 (1989).  Thus, the Court is presumed to lack subject matter jurisdiction until

25

26        [2]  Plaintiff implies that the agreement required a "change in the mission" of DLI before
27    the work from home arrangement could be modified (*see* Complaint ¶29), but the language in the
     agreement regarding "potentially changing mission requirements" is not stated as a prerequisite
28    to modifications.  Plaintiff does not allege that his employer failed to provide him with the
     required five calendar days notice.

1   plaintiff proves otherwise.  *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th

2   Cir. 1989); *Calif. ex. rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).  In sum,

3   plaintiff has the burden of proving jurisdiction in order to survive a motion to dismiss.

4   This Court can resolve factual disputes, if necessary, to determine whether jurisdiction

5   exists. *Dreier v. United States,* 106 F.3d 844, 847 (9th Cir. 1997).  "The district court obviously

6   does not abuse its discretion by looking to this extra pleading material in deciding the issue [of

7   subject matter jurisdiction] even if it becomes necessary to resolve factual disputes."  *St. Clair,*

8   880 F.2d at 201.  The district court's findings of fact must be accepted unless clearly erroneous.

9   *See, e.g., Ass'n of Am. Medical Colleges,* 217 F.3d at 778; *La Reunion Francaise SA v. Barnes,*

10  247 F.3d 1022, 1024 (9th Cir. 2000); *United States ex rel Newsham v. Lockheed Missiles &*

11  *Space Co.,* 190 F.3d 963, 968 (9th Cir. 1999), *cert. denied,* 530 U.S. 1203 (2000).  Thus, it is

12  error to treat a Rule 12(b)(1) motion as one for summary judgment, or apply summary judgment

13  standards.  *Dreier,* 106 F.3d at 847.

14

15  **B.**      **This Court Should Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction.**

16  The Court lacks subject matter jurisdiction over the claims set forth in the Complaint

17  because plaintiff: (1) seeks recovery for non-tort actions in excess of the jurisdictional limit of

18  the district court; (2) failed to file suit against the proper defendant under Title VII; (3) raised tort

19  allegation against his immediate supervisor for libel and defamation which are exempted from

20  the FTCA's waiver of sovereign immunity; and (4) failed to exhaust his administrative remedies

21  as to his Title VII and FTCA claims.  The Court therefore must dismiss such claims pursuant to

22  Rule 12(b)(1).

23

24  **1.**      **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's EPA and Breach of Contract Claims Due to the Tucker Act**

25  Plaintiff's EPA and breach of contract claims are actions against the United States not

26  sounding in tort.  To establish proper subject matter jurisdiction in federal court for these claims,

27  the plaintiff must rely on the Tucker Act, 28 U.S.C. § 1491 and the Little Tucker Act, 28 U.S.C.

28  § 1346(a)(2).  These acts waive the United States' sovereign immunity for certain actions seeking

monetary relief.  Specifically, sovereign immunity is waived for claims "founded either upon the Constitution, or an Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. § 1491(a)(1) & 1346(a)(2).  The Tucker Act vests subject matter jurisdiction exclusively with the Court of Federal Claims.  The Little Tucker Act vests subject matter jurisdiction both with the District Court and Court of Federal Claims.  However, the District Court has subject matter jurisdiction only to the extent that the claim does not exceed $10,000.  "Accordingly, courts faced with EPA claims against the United States or its officers in excess of $10,000, have held that jurisdiction lies exclusively with the Federal Court of Claims." *Moorehead v. Chertoff*, 2007 U.S. Dist. LEXIS 15811, *6 (W. Dist. WA 2007) (citing cases).

To the extent that plaintiff's breach of contract and EPA claims exceed $10,000, this Court lacks subject matter jurisdiction and the claims either should be dismissed, or, in the alternative, be transferred to the United States Court of Federal Claims.

While the Complaint fails to explicitly calculate plaintiff's damages for his EPA and breach of contract action, a cursory review of his Complaint reveals his claims exceed $10,000.  Plaintiff claims that he was hired at a rate that paid him $6000.00 less per year than a female colleague.  Plaintiff alleges this pay discrepancy continues to this date and has been on-going since he was hired by DLI on April 3, 2006.  (Complaint, p. 4, ¶ 12.)  In the Complaint's Prayer for Relief, plaintiff asks for double the amount of the difference between his pay and his coworker's from April 3, 2006 to the present, plus interest.  (Complaint, p. 15, ¶6.)  Accordingly, given that he apparently seeks approximately $12,000 per year for over a year, the amount sought exceeds the jurisdictional maximum of $10,000.  Because it is plaintiff's burden to demonstrate that this Court has subject matter jurisdiction, these claims should be dismissed unless plaintiff can demonstrate that the amounts sought fall with in this Court's jurisdiction.  *See Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989); *Calif. ex. rel. Younger v. Andrus*, 608 F.2d 1247, 1249 (9th Cir. 1979).

//

//

1

2
     **2.**     **Plaintiff's Breach of Contract Claim Should Be Dismissed As Part of Plaintiff's Title VII Claim**.

3          Even if the breach of contract claim were not barred by the Tucker Act, it could not go

4  forward as alleged.  In the context of claims stemming from alleged discrimination in federal

5  employment, Title VII expressly limits plaintiff's remedies to those enumerated in the statute.

6  *Brown v. General Services Administration,* 425 U.S. 820, 835 (1976).  Where a federal employee

7  asserts a claim under Title VII, that statute is exclusive of any other remedy against not only the

8  federal government, but also against individual federal employees alleged to have participated in

9  the discrimination.  *White v. General Services Administration*, 652 F.2d 913, 916-17 (9th Cir.

10  1981).  Because the purpose of Title VII was to create "an exclusive, pre-emptive administrative

11  and judicial scheme for the redress of federal employment discrimination," plaintiff may not

12  bootstrap additional causes of action onto his Title VII complaint.  *Brown,* 425 U.S. at 829.

13          As plaintiff's Complaint is based upon alleged employment actions taken against him by

14  employees of DLI, which actions plaintiff alleges were taken due to his race or gender, Title VII

15  is the exclusive remedy available to him.  This is particularly clear in this case because plaintiff

16  alleges in his Third Cause of Action for Breach of Contract that the alleged breach "is a per se

17  discriminatory action against him pursuant to Title VII of the Civil Rights Act of 1964: Equal

18  Employment Opportunity."  Complaint ¶30.  Thus, because plaintiff admits that his breach of

19  contract claim is really a claim of discrimination under Title VII, the breach of contract claim is

20  preempted by Title VII and must be dismissed with prejudice.

21          Finally, plaintiff's claim against Ms. Allison for "breach of contract" must also be

22  dismissed because she is not one of the parties in interest to the contract.  Any action taken by

23  Ms. Allison was as an agent for the employer, DLI.  (Complaint, p. 2, ¶ 4.)  The breach of

24  contract claim against Ms. Allison should be dismissed with prejudice.

25

26
     **3.**     **This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Title VII Claims**

27          As discussed above, to the extent that plaintiff raises any claim of discrimination (other

28  than a violation of the EPA) in his Complaint, those claims may be brought only pursuant to Title

1    VII. *Brown v. General Services Admin.*, 425 U.S. 820 (1976).  The only proper defendant under

2    Title VII is the Secretary of the employing agency, and then, only in his or her official capacity.

3    Section 717(c) of Title VII allows a civil action by an aggrieved federal employee "in which civil

4    action the head of the department, agency, or unit, as appropriate, shall be the defendant."  42

5    U.S.C. § 2000e-16(c).  *See Cooper v. U.S. Postal Service,* 740 F.2d 714, 715-6 (9th Cir. 1984)

6    (affirming dismissal of plaintiff's Title VII complaint where plaintiff named the U.S. Postal

7    Service as opposed to the Postmaster General as defendant.).  Because neither of the purported

8    defendants identified by Mr. Abouelhassan is the head of his employing administrative agency,

9    plaintiff's Title VII claims against the named defendants must be dismissed.

10    Even if the Court were willing to excuse the plaintiff's failure to name the proper

11    defendant in his Title VII claim, plaintiff's Title VII claims must be dismissed for failure to

12    initiate or exhaust his administrative remedies prior to filing suit in federal court.  Title VII

13    specifically requires a federal employee to exhaust his administrative remedies as a statutory

14    precondition to suit.  *Brown v. General Serv. Administration*, 425 U.S. 820, 832-33 (1976);

15    *Vinieratos v. Dept. of the Air Force*, 939 F.2d 762, 767-68 (9th Cir. 1991).  If a plaintiff has not

16    exhausted his administrative remedies, there is no subject matter jurisdiction over the Title VII

17    claim.  *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1099 (9th Cir. 2002).

18    In order for an employee to exhaust his administrative remedies properly, a party must

19    first initiate contact with an Equal Employment Opportunity counselor and file an informal

20    complaint within 45 days of the alleged discriminatory event.  29 C.F.R. § 1614.105(a)(1).  If the

21    employee and EEO counselor are unable to resolve the plaintiff's allegations informally, the EEO

22    counselor conducts a final interview at which point the plaintiff has 15 days to file a formal EEO

23    complaint.  29 C.F.R. § 1614.105(e), (f) & 1614.106.

24    Mr. Abouelhassan did not initiate contact with an EEO counselor or file an informal

25    complaint regarding his various discrimination allegations prior to filing the instant lawsuit on

26    August 6, 2007.  Furthermore, plaintiff never filed a formal EEO Complaint with the agency.

27    *See* Declaration of Monica Altamirano.  Plaintiff's complete failure to start the EEO

28    administrative process, much less see it through to is proper conclusion, is a failure to exhaust his

1  administrative remedies and strips this Court of subject matter jurisdiction to hear his Title VII

2  claims.

### 3.    This Court Lacks Subject Matter Jurisdiction Over Any Claim Against Ms. Allison for Defamation or Libel

The plaintiff's remaining legal theories (Count IV) sound in tort and are thus governed by the Federal Tort Claims Act, which provides the exclusive remedy for persons injured by the negligent or wrongful acts or omissions of any employee of the federal government while acting within the scope of employment. 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b)(1) (remedy provided by section 1346(b) is exclusive of any other civil action).

The doctrine of sovereign immunity bars actions against the United States except where it clearly and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). The FTCA waives the United States' immunity for certain torts. For persons injured as a result of the negligent or wrongful act or omission of a federal employee acting within the scope of his employment, the remedies under the FTCA are "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." 28 U.S.C. § 2679(b)(1).

An action under the FTCA requires that the plaintiff first exhaust his administrative remedies. 28 U.S.C. § 2675(a). Section 2675(a) provides, "An action shall not be instituted upon a claim against the United States for money damages for the injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing."

"The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985)**.** Administrative law requires proper exhaustion of administrative remedies, which "means using all steps that the agency holds out, and doing so *properly.*" *Woodford v. Ngo*, 126 S.Ct. 2378, 2381 (2006) *quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002). Plaintiff must present admissible evidence

1  showing that this Court has subject matter jurisdiction over his claims, meaning he must show

2  that he has properly exhausted his administrative remedies. *Ass'n of Am. Medical Colleges*, 217

3  F.3d at 778.   Here, plaintiff has not alleged that he exhausted administrative remedies for his tort

4  claims and thus is precluded from bringing an FTCA action on such a claims.

5      Even if the Court were able to excuse the plaintiff's failure to exhaust his administrative

6  remedies, plaintiff's claims for defamation and libel must be dismissed.  As noted above,

7  sovereign immunity bars actions against the United States except where it clearly and explicitly

8  consents to be sued.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  Congress has not

9  waived sovereign immunity for all state law torts.  There is no liability to the United States for

10 libel or defamation.  The FTCA maintains federal immunity for "any claim arising out of assault,

11 battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

12 misrepresentation, deceit, or interference with contract rights" 28 U.S.C. § 2680(h).  Therefore,

13 Mr. Abouelhassan cannot maintain a suit against Ms. Allison for conduct he alleges she

14 committed in her official capacity which is expressly excluded from the FTCA, and the tort

15 claims should be dismissed with prejudice.

16     Finally**,** the only appropriate defendant in a tort action relating to official conduct of a

17 federal employee is the United States.  The FTCA provides the exclusive remedy for persons

18 injured by the negligent or wrongful acts or omissions of any employee of the Government while

19 acting within the scope of employment. 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b)(1) (remedy

20 provided by section 1346(b) is exclusive of any other civil action).  The sole proper defendant

21 under the FTCA is the United States.  28 U.S.C. §§ 2674,  2679(a) and 2679(b)(1).  It is not

22 appropriate to name individual federal employees as defendants, unless plaintiff is alleging that

23 those individuals were acting outside the scope of their employment when performing the acts

24 complained of and thus the individuals, rather than the United States, are liable.  It is also

25 inappropriate to name government agencies in a FTCA action.  Therefore, the tort claims against

26 Ms. Allison and DLI should be dismissed with prejudice.

27 //

28 //

1

**IV. CONCLUSION**

2        For the reasons stated above, Defendant respectfully requests the Court to dismiss the

3    Complaint in its entirety.

4                                     Respectfully submitted,

5    DATED: October 5, 2007                SCOTT N. SCHOOLS
                                     United States Attorney

6

7                             /s/
                          _____

8                         CLAIRE T. CORMIER
                         Assistant United States Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**CERTIFICATE OF SERVICE**

2      The undersigned hereby certifies that she is an employee of the Office of the United

3   States Attorney for the Northern District of California and is a person of such age and discretion

4   to be competent to serve papers.  The undersigned further certifies that she is causing a copy of

5   the following:

6   **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS; DECLARATION**

7   **OF MONICA ALTAMIRANO IN SUPPORT OF DEFENDANTS' MOTION TO**

8   **DISMISS**

9   to be served this date upon the party in this action by placing a true copy thereof in a sealed

10  envelope, and served as follows:

11    √       **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully
              prepaid in the designated area for outgoing U.S. mail in accordance with this office's
12            practice.

13  ____     **PERSONAL SERVICE (BY MESSENGER)**

14  ____     **FACSIMILE (FAX)**  Telephone No.:_____

15    √      **ELECTRONIC MAIL:**  egyptusa76@msn.com

16  to the party addressed as follows:

17  Mohamed Abouelhassan
    805 Borden Rae Ct.
18  San Jose, CA 95117

19      I declare under penalty of perjury under the laws of the United States of America that the

20  foregoing is true and correct.

21      Executed this 5th day of October, 2007, at San Jose, California.

22

23            _____/s/_____
                      Claire T. Cormier
24

25

26

27

28