JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   Claire.Cormier@usdoj.gov

Attorneys for Federal Defendants

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| Mohamed Abouelhassan, | Case No. C 07-4038 RS |
| Plaintiff, | DEFENDANTS' NOTICE OF MOTION AND PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT |
| v. | |
| The United States of America, Donald Fischer, Jr.; Elena Levintova Allison, | Date: February 27, 2008<br>Time: 9:30 a.m.<br>Courtroom 4, 5th Floor |
| Defendants. | Honorable Richard Seeborg |

**PLEASE TAKE NOTICE** that defendants United States of America, Donald C. Fischer, Jr., and Elena Levintova Allison will move this Court on February 27, 2008 at 9:30 a.m. in Courtroom 4, 5th Floor, United States Courthouse, 280 South First Street, San Jose, California, before the Honorable Richard Seeborg, U.S. Magistrate Judge, pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and 12(b)(6), for an order dismissing Counts I, III, and IV of Plaintiff's First Amended Complaint For Damages And Injunctive Relief (the "Amended Complaint") for lack of subject matter jurisdiction, and dismissing Defendant Fischer for failure to state a claim upon which relief may be granted. The motion is based on this notice, the memorandum of points and authorities, and all the matters of record filed with the Court, and such other evidence as may be submitted.

//

**ISSUES TO BE DECIDED**

1. Whether this Court lacks subject matter jurisdiction over plaintiff's Equal Pay Act claim due to the Tucker Act and Little Tucker Act restrictions.

2. Whether Title VII preempts Plaintiff's claims for Intentional Infliction of Emotional Distress and Violation of Due Process.

3. Whether Plaintiff exhausted administrative remedies such that this Court would have subject matter jurisdiction over any Title VII claim.

4. Whether the named Defendants are appropriate defendants for a Title VII action.

5. Whether the Court lacks subject matter jurisdiction over Plaintiff's tort claims due to the limited waiver of sovereign immunity as stated in the Federal Tort Claims Act, and whether Plaintiff has exhausted the required administrative remedies.

6. Whether Plaintiff has stated any claims against Defendant Fischer.

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES**

**INTRODUCTION**

Plaintiff, Mohamed Abouelhassan (hereinafter "Mr. Abouelhassan" or "Plaintiff"), filed his First Amended Complaint on December 3, 2007, against the United States of America, and Donald C. Fischer, Jr. and Elena Levintova Allison, in their official capacities as supervisors at the Defense Language Institute (hereinafter "DLI"). Plaintiff raises various allegations of discrimination. Specifically, Plaintiff alleges: (1) a violation of the Equal Pay of Act of 1963 (hereinafter "EPA") when he was hired at a lower salary than a female colleague; (2) that Ms. Allison retaliated against him in violation of the Fair Labor Standards Act (hereinafter "FLSA") when he was given an allegedly poor performance review in October of 2007; (3) that Ms. Allison intentionally inflicted emotional distress upon him by making disparaging remarks about Arabs and by revoking his work at home agreement; and (4) that Ms. Allison violated the "Equal Protection Component of the Due Process Clause of the Fifth Amendment of the U.S. Constitution" when she denied him the ability to work from home, gave him an "adverse" performance rating, and informed him that he would be laid off if there was no available spot for him in another department or program. Amended Complaint ¶¶ 19-21, 24-25, 29-30, 43-45.

1   This Court should dismiss Counts I, III and IV of the Amended Complaint. The Court lacks subject matter jurisdiction over the EPA claim pursuant to the Tucker Act, 28 U.S.C. § 1491. The Court should dismiss the claims for intentional infliction of emotional distress and violation of the Fifth Amendment's Due Process clause as the Plaintiff cannot establish a waiver of sovereign immunity for such claims. Finally, the Court should dismiss Defendant Fischer from this action because the Amended Complaint makes no substantive allegations against him.

### STATEMENT OF FACTS[1]

Mr. Abouelhassan has been a federal employee with DLI since April of 2006. Plaintiff's immediate supervisor is Elena Levintova Allison, who Plaintiff is suing in her official capacity. Amended Complaint ¶¶ 11-12. Plaintiff alleges that a female colleague, Svetlana Witmer, was hired in March of 2006 at a pay rate that exceeded his pay rate. Id. ¶ 20.

Plaintiff claims that he was denied the opportunity to work from home, resulting in considerable financial losses. Id. ¶ 35. Plaintiff and his supervisory chain executed a written agreement that allowed Plaintiff to work from home starting in May of 2007, but Plaintiff claims that, in July of 2007, he was recalled to his duty station in Monterey. Id. ¶30.

Plaintiff also alleges that his supervisor, Ms. Allison, made false statements about his professionalism in the summer of 2007. Id. ¶ 29. Plaintiff was placed on a performance improvement plan upon his return to his duty station. Id. ¶ 31. Based upon work performance issues, Ms. Allison issued Plaintiff a rating of "3" of a scale of "1" to "5" in October of 2007. Id. ¶ 32. The Amended Complaint does not allege compliance with the administrative remedies that are prerequisites for suit under Title VII or for tort actions against the federal government.

### ARGUMENT

**I.    Standard of Proof for Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A Rule 12(b)(1) motion can challenge either the sufficiency of the pleadings to establish federal jurisdiction or the substance of the jurisdictional allegations despite the formal

---

[1] Many of the "facts" presented herein are based on Plaintiff's allegations. Defendants present these facts only for purposes of this motion. Should this case proceed beyond this motion, Defendants will present evidence disputing many of plaintiff's allegations. However, for purposes of this motion only, Plaintiff's "facts" as stated herein may be treated as true.

Case No. C07-4038 RS
MOTION TO DISMISS AMENDED COMPLAINT    -3-

sufficiency of the complaint. *Thornhill Publ. Co. v. Gen'l Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Where Defendant challenges the actual existence of jurisdiction, as in this case, Plaintiff's allegations are not presumed to be truthful, and Plaintiff has the burden of proving jurisdiction exists. *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001). Plaintiff must present admissible evidence to satisfy this burden. *Ass'n of Am. Medical Colleges, v. United States*, 217 F.3d 770, 778 (9th Cir. 2000). Thus, the Court is presumed to lack subject matter jurisdiction until Plaintiff proves otherwise. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

This Court can resolve factual disputes, if necessary, to determine whether jurisdiction exists. *Dreier v. United States,* 106 F.3d 844, 847 (9th Cir. 1997). "The district court obviously does not abuse its discretion by looking to this extra pleading material in deciding the issue [of subject matter jurisdiction] even if it becomes necessary to resolve factual disputes." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989), *cert denied*, 493 U.S. 993 (1989). The District Court's findings of fact must be accepted unless clearly erroneous. *See, e.g., Ass'n of Am. Medical Colleges,* 217 F.3d at 778; *La Reunion Francaise SA v. Barnes,* 247 F.3d 1022, 1024 (9th Cir. 2000). Thus, it is error to treat a Rule 12(b)(1) motion as one for summary judgment, or apply summary judgment standards. *Dreier,* 106 F.3d at 847.

**II.    This Court Lacks Subject Matter Jurisdiction Over Counts I, III and IV of Plaintiff's Amended Complaint.**

The Court lacks subject matter jurisdiction over three of the four claims in the Amended Complaint because Plaintiff: (1) seeks recovery for non-tort actions in excess of the jurisdictional limit of the District Court; (2) attempts to raise administratively unexhausted discrimination claims as tort actions which are preempted by the comprehensive remedial scheme of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. (hereinafter "Title VII"); (3) raises state tort allegations against his immediate supervisor, in her official capacity, which (even if they are considered by the Court as tort claims) are preempted by the Federal Tort Claims Act ("FTCA"); and (4) failed to exhaust his administrative remedies as to his FTCA claims against the United States. The Court, therefore, should dismiss these claims pursuant to Rule 12(b)(1).

**A. This Court Lacks Subject Matter Jurisdiction Over Plaintiff's Equal Pay Act Claim (Count I).**

This Court lacks subject matter jurisdiction over claims against the United States unless Plaintiff meets his burden of establishing that the United States has waived sovereign immunity. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182, 189 (1936); *Tuscon Airport Authority v. General Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998); *Kirkland Masonry, Inc. v. Commissioner of Internal Revenue*, 614 F.2d 532, 533 (5th Cir. 1980) (plaintiff's burden to properly plead jurisdiction is particularly heavy when the object of the suit is the sovereign). Federal court jurisdiction cannot be presumed, but must be affirmatively and positively pled. *Norton v. Larney*, 266 U.S. 511 (1925). In determining whether a case arises under federal law, a court generally is confined to the well-pleaded allegations of the plaintiff's complaint. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986).

Plaintiff's EPA claim is an action against the United State not sounding in tort. To establish proper subject matter jurisdiction in federal court for this claim, the Plaintiff must rely upon the Tucker Act, 28 U.S.C. § 1491. Both the Tucker Act and the Little Tucker Act, 28 U.S.C. § 1346(a)(2), waive the United State's sovereign immunity for certain actions seeking monetary relief. Specifically, sovereign immunity is waived for claims "founded either upon the Constitution, or an Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages not sounding in tort." 28 U.S.C. § 1491(a)(1) & 1346(a)(2). The Tucker Act vests subject matter jurisdiction exclusively with the Court of Federal Claims. The Little Tucker Act vests subject matter jurisdiction both with the District Court and Court of Federal Claims. However, the District Court has subject matter jurisdiction only to the extent that the claim does not exceed $10,000. *See Wilkins v. United States*, 279 F.3d 782, 785 (9th Cir. 2002). "Accordingly, courts faced with EPA claims against the United States or its officers in excess of $10,000, have held that jurisdiction lies exclusively with the Federal Court of Claims." *Moorehead v. Chertoff*, 2007 U.S. Dist. LEXIS 15811, *6 (W. Dist. WA 2007) (citing cases).

//

Plaintiff alleges that he has been paid $500 less per month than Svetlana Witmer since his employment with DLI began. Amended Complaint ¶ 21. In an attempt to subvert the jurisdictional standard of the Little Tucker Act, Plaintiff claims that this pay discrepancy has resulted in damages of $9,000. Id. In fact, even a cursory examination of the underlying facts demonstrates that Plaintiff's claim exceeded the $10,000 limit when he filed his Amended Complaint. Plaintiff was hired on or about April 3, 2006. Id. ¶ 12. Plaintiff filed his Amended Complaint on December 3, 2007, at which time he had been employed by DLI for exactly 20 months. Plaintiff's alleged damages for his EPA claim consist of $500.00 per month for 20 months, yielding a total pay claim of $10,000. Because Plaintiff also sought "interest on damages awards" in his Prayer for Relief (Amended Complaint, p. 11), in addition to the back pay, Plaintiff's EPA claim exceeds the jurisdictional limit for the District Court.

For this Court to have jurisdiction, Plaintiff would have had to "expressly disclaim monetary damages over $10,000" in order to "clearly and adequately express" an intention to waive any claims in excess of the jurisdictional limit. *See Waters v. Rumsfeld*, 320 F.3d 265, 271-72 (D.C. Cir. 2003). Plaintiff's bare statement of the pay discrepancy as $9,000 does not meet this standard. Accordingly, Plaintiff has not met his burden of demonstrating that this Court has subject matter jurisdiction to entertain the EPA claim, and the Court should dismiss the claim, or in the alternative, transfer the claim to the United States Court of Federal Claims.

### B. This Court Lacks Subject Matter Jurisdiction Over Any Claim for Intentional Infliction of Emotional Distress or Constitutional Deprivation.

The Plaintiff raises two purported tort causes of action in his Amended Complaint: Intentional Infliction of Emotional Distress and Violation of the Due Process Clause of the Fifth Amendment. First, the Plaintiff's tort claims predicated upon alleged discriminatory animus are not proper state law tort claims, but fall under the exclusive remedy for federal employment discrimination, Title VII. Not only did Plaintiff fail to plead a cause of action under Title VII, but, even if he had properly pled such a claim, his claims should be dismissed because he failed to timely and properly exhaust the required administrative remedies through the EEO administrative process. Second, even if the Court were to permit Plaintiff to litigate unexhausted

Title VII claims as state law tort actions, the Court should, nevertheless, dismiss Count III and IV because Plaintiff has not established a waiver of sovereign immunity for any of these claims.

      **1.      Title VII Preempts Any Alleged State Tort Claim Predicated Upon Discrimination in the Federal Workforce.**

Count III and IV should be dismissed because Title VII provides the exclusive remedy for claims of discrimination in federal employment. *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976). Plaintiff's emotional distress claim is a national origin discrimination claim cloaked as a tort action. It appears that Plaintiff is attempting to circumvent the administrative exhaustion requirements of Title VII by raising discrimination claims as a tort action. For example, Plaintiff alleges that he suffered severe emotional distress because he "faced continuing harassment and discrimination throughout his employment. The Arab translators were degraded and demeaned by the Russian supervisors." Amended Complaint ¶ 29. Plaintiff also alleges that he was "treated differently than the Russian interpreters." Id. ¶ 30.

Plaintiff's purported Due Process Claim under the Fifth Amendment (Count IV) presents an even more suspect attempt to circumvent Title VII and its administrative exhaustion requirements. In support of his due process claim, Plaintiff explicitly states that "the rules governing performance reviews and working from a remote location were applied in a discriminatory manner, on the basis of race, sex and national origin, in violation of his constitutional rights." Amended Complaint ¶ 42. Any claim against the United States or Defendant Elena Allison, in her official capacity, for either intentional infliction of emotional distress or constitutional deprivations are really claims of race, sex and national origin discrimination that can be litigated only under Title VII.[2] *See Williams v. General Servs. Admin.*, 905 F.2d 308, 311 (9th Cir. 1990) (holding that due to its comprehensive scope, Title VII preempts other cause of action, to include tort and constitutional claims, that seek to redress wrongs predicated upon discriminatory employment actions).

---

[2] As evidence of Plaintiff's true intent, Defendants direct the Court to Plaintiff's initial *pro se* complaint where he raised substantially the same matters as violations of Title VII. (Docket Entry #1, p. 5-12.)

Case No. C07-4038 RS
MOTION TO DISMISS AMENDED COMPLAINT   -7-

Plaintiff's Amended Complaint fails to allege any cause of action under Title VII. Because Plaintiff failed to positively plead Title VII as a basis of subject matter jurisdiction for his discrimination claims, those claims are not properly before the Court and he should be barred from raising them in response to the Defendants' motion.

To the extent that the Court were willing to read Plaintiff's allegations as discrimination claims under Title VII, these claims should be dismissed because: (1) Plaintiff failed to exhaust Title VII administrative remedies; and (2) Plaintiff has not filed suit against the proper party.

### a.   Plaintiff Failed to Exhaust Title VII Administrative Remedies

Any claims by Plaintiff pursuant to Title VII should be dismissed for failure to exhaust his administrative remedies prior to filing suit in federal court. *See Vinieratos v. Dep't of the Air Force*, 939 F.2d 762, 768 (9th Cir. 1991) (Under Title VII, Plaintiff is required to exhaust his administrative remedies prior to filing suit in District Court).  For an employee to properly exhaust his administrative remedies, a party must first initiate contact with an EEO counselor within 45 days of the alleged discriminatory event. 29 C.F.R. § 1614.105(a)(1). If the employee and EEO counselor are unable to resolve the Plaintiff's allegations informally, the EEO counselor conducts a final interview at which point the Plaintiff has 15 days to file a formal EEO complaint. 29 C.F.R. § 1614.105(e), (f) & 1614.106.

Plaintiff did not initiate contact with an EEO counselor regarding his various discrimination allegations prior to filing his initial District Court complaint on August 6, 2007, which he later amended on December 3, 2007.  In fact, Plaintiff concedes that he did not file a formal EEO complaint until November 21, 2007. Amended Complaint ¶ 33.  Plaintiff's complete failure to start the EEO administrative process before filing in District Court, much less see it through to its proper conclusion, is a failure to properly exhaust his administrative remedies and strips this Court of subject matter jurisdiction to hear his Title VII claims.

### b.   Improper Party Under Title VII

Even if Plaintiff had properly invoked Title VII as the basis for subject matter jurisdiction over his discrimination claims and had properly exhausted those discrimination claims in the EEO administrative process, the Court would be required to dismiss such claims because

Plaintiff has not named the proper party.  The only proper defendant under Title VII is the Secretary of the employing agency, and then, only in his official capacity.  Section 717(c) of Title VII allows a civil action by an aggrieved federal employee "in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16(c). *See Cooper v. U.S. Postal Service,* 740 F.2d 714, 715-6 (9th Cir. 1984) (affirming dismissal of Plaintiff's Title VII complaint where Plaintiff named the U.S. Postal Service as opposed to the Postmaster General as defendant").  Because none of the purported defendants identified in the Amended Complaint is the head of Plaintiff's employing administrative agency, Plaintiff's Title VII claims, if any, should be dismissed.

### 2. Plaintiff Failed to Show The United States Has Waived Sovereign Immunity For His Tort Claims

Assuming, *arguendo*, that the Court were willing to ignore the preemptive nature of Title VII and consider Plaintiff's tort claims, the Court should dismiss Count III and IV because Plaintiff has not established that the United States has waived sovereign immunity for these claims.  Sovereign immunity protects the United States and its agencies from lawsuits except where it clearly and explicitly has waived sovereign immunity.  *Hercules Inc., v. United States,* 516 U.S. 417, 422 (1996); *United States v. Testan*, 424 U.S. 392, 399 (1976).  Any claim against Ms. Allison in her official capacity is deemed an action against the United States. *Balser v. Dep't of Justice*, 327 F.3d 903, 906 (9th Cir. 2003).  Plaintiff cannot establish a cause of action against the United States or any federal employees, in their official capacity, for his tort law claims of due process and intentional infliction of emotional distress because the United States has not waived sovereign immunity.

The FTCA provides the exclusive remedy for persons injured by the negligent or wrongful acts or omissions of employees of the federal government while acting within the scope of employment. 28 U.S.C. § 1346(b); 28 U.S.C. § 2679(b)(1) (remedy provided by section 1346(b) is exclusive of any other civil action).  The remedies under the FTCA are "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." 28 U.S.C. § 2679(b)(1).

An action under the FTCA requires that the plaintiff first exhaust his administrative remedies. 28 U.S.C. § 2675(a) provides, "An action shall not be instituted upon a claim against the United States for money damages for the injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." "The claim requirement of section 2675 is jurisdictional in nature and may not be waived." *Burns v. United States*, 764 F.2d 722, 723 (9th Cir. 1985). Plaintiff must present admissible evidence showing that he has properly exhausted his administrative remedies. *Ass'n of Am. Medical Colleges*, 217 F.3d at 778. Here, Plaintiff has not alleged that he exhausted administrative remedies for his tort claims and thus he is precluded from bringing an FTCA action on such claims.

Even if the Court were willing to excuse Plaintiff's failure to exhaust, Plaintiff's claims for intentional infliction of emotional distress and violation of the constitution should be dismissed. As noted above, sovereign immunity bars actions against the United States except where it clearly and explicitly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). Congress has not waived the United States' sovereign immunity for intentional torts. There is no liability to the United States for intentional infliction of emotional distress or direct constitutional deprivations under the FTCA. *See Corey v. McNamara*, 409 F. Supp. 2d 1225, 1228 (D. Nev. 2006) ("Section 2680(h) [exception to FTCA] bars claims of intentional infliction of emotional distress."); *see also Arnsberg v. United States*, 757 F.2d 971, 980 n.7 (9th Cir. 1984) (with the exception of the takings clause of the Fifth Amendment, sovereign immunity is a bar to damages against the United States for direct constitutional violations).

### III.     The Amended Complaint Fails to State a Claim Against Defendant Fischer

This Court should dismiss Defendant Donald C. Fischer, Jr., from this suit entirely. Plaintiff's Amended Complaint fails to allege any purported conduct by Defendant Fischer that supports any cause of action currently before the Court. In fact, other than identifying Mr. Fischer in the caption to the Amended Complaint and as a defendant in the Parties section

(Amended Complaint, p. 3, ¶ 10), the Amended Complaint fails to mention Mr. Fischer at all. There is no allegation that Mr. Fischer committed any violation of law by act or omission. *See Jones v. Community Redev. Agency*, 733 F.3d 646, 649 (9th Cir. 1984) (plaintiff must "allege with at least some degree of particularity" the actions which the defendant engaged that support his claims). Because the Amended Complaint fails to address any alleged conduct by Mr. Fischer, Plaintiff has failed to state a claim against Mr. Fischer and he should be dismissed as a party in this lawsuit. *See* Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

For the reasons stated above, Defendants respectfully request the Court to dismiss the Counts I, III, and IV of the Amended Complaint with prejudice. Defendants also requests that Defendant Fischer be dismissed from this case entirely.

Respectfully submitted,

DATED: January 16, 2008

JOSEPH P. RUSSONIELLO
United States Attorney


 /s/ Claire T. Cormier
CLAIRE T. CORMIER
Assistant United States Attorney