Mark Malachowski (CSBN 242696)
Malachowski and Associates
760 Market Street, Suite 947
San Francisco, CA 94102
Telephone: (415) 983 – 0717
FAX: (415) 986 – 8068
mark@marklawsf.com

Attorney for the Plaintiff Mohamed Abouelhassan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mohamed Abouelhassan,<br><br>    Plaintiff,<br><br>v.<br><br>The United States of America (U.S. Government), Donald C. Fischer, Jr., Civilian Leader of the Defense Language Institute, Presidio of Monterey, Department of Defense, Elena Levintova Allison, Defense Language Institute, Department of Defense,<br><br>    Defendants. | Case No. C 07-4038 RS<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date: February 27, 2008<br>Time: 9:30 a.m.<br>Courtroom 4, 5th Floor<br>Hon Richard Seeborg |

## I. INTRODUCTION

This case arises from Plaintiff, Mohamed Abouelhassan's (Plaintiff) employment at the Defense Language Institute (DLI), a civil division of the US Army. While employed at the DLI,

Case No. C07-4038 RS
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

- 1 -

Plaintiff suffered severe discrimination at the hands of his supervisors and co-workers. Plaintiff was discriminated against because of his race, religion, ethnicity, and sex. His supervisors repeatedly and intentionally made disparaging remarks about Plaintiff and Arabs in general. Such remarks caused Plaintiff to suffer severe emotional distress.

Plaintiff the first amended complaint on December 3, 2007, against The United States, Donald C. Fischer, Jr., and Elena Levintova Allison. Plaintiff alleges four causes against the Defendants for: 1) Violations of the Equal Pay Act; 2) Violations of the Fair Labor Standards Act; 3) Intentional Infliction of Emotional Distress; and 4) Violation of the Equal Protection Clause of the United States Constitution.

In response, Defendants filed this motion. Defendants move to dismiss three causes of action: Count I: Equal Pay Act; Count III: Intentional Infliction of emotional distress and Count IV: violations of the Equal Protection clause. Defendants claim that this court lacks subject matter jurisdiction to hear these claims and should be dismissed pursuant to F.R.Civ.P. 12(b)(1). Defendants are wrong. This court has jurisdiction to hear these claims under the Little Tucker Act, Federal Tort Claims Act, and under the US Constitution. Defendants' argument that the Title VII preempts Plaintiff's case is incorrect.

Defendant, Donald Fischer, Jr. also claims that Plaintiff's complaint fails to state a cause of action against him. Accordingly, Mr. Fischer moves this court pursuant to FRCiv.P 12(b)(6) to dismiss him as a defendant. Mr. Fischer is Leader of the Defense Language Institute, Presidio of Monterey, and Department of Defense and is a proper defendant in this matter because as unit head Mr. Fischer is responsible for the actions of his subordinates, one of which is Ms. Allison.

Defendants are not moving to dismiss the second cause of action for Violations of the Fair Labor Standards Act.

## II. STATEMENT OF FACTS

Plaintiff, an Arab Egyptian, was hired by Defense Language Institute (DLI) as an Assistant Professor, on or about April 3, 2006.

Plaintiff alleges he was discriminated against based on his 1) race, 2) nationality, 3) religion, and 4) sex. Plaintiff is a male Egyptian of the Arab race. He is a practicing Muslim.

Plaintiff entered the DLI while the agency's demographics were rapidly changing. They still are. For many years the DLI was dominated by Russian-speaking employees. Most of the employees were either from Russia and/or had an Eastern European ethnic background. As a result of many years of high demand for Russian linguists many of the supervisors at the DLI have Russian backgrounds.

Plaintiff was hired by the DLI, Department of the Army and supervised by Ms. Allison. Ms. Allison is of Russian descent. Ms. Allison's father worked for the DLI for many years and was a Russian linguist.

However, the war on terror has created a demand for Arabic speaking linguists. The DLI has had to hire many Arab linguists to help fight the war on terror. Plaintiff was hired as one such interpreter. Plaintiff alleges that need for Arabic linguists has created strife within the DLI, and that many of the Russian supervisors hold the newer Arab employees in contempt.

Historically, in a political sense, the USSR, or larger Russia, has had a benefactor/client relationship with Egypt, which Plaintiff alleges has led many Russians to consider Egyptians as second class citizens. Here, Plaintiff alleges the Arab linguists have faced discrimination at the hands of the Russian supervisors. Egyptians consist of the majority of the Arabs at this workplace. As an Egyptian Arab, Plaintiff claims he has been one victim of such discrimination.

# III. LEGAL ANALYSIS

Defendants claim that the this court lacks jurisdiction to hear claims I, III, and IV. However, the defendants are incorrect. Defendants, admit that there is jurisdiction for the Equal Pay Act under the Little Tucker Act as long as Plaintiff disclaims any monetary damages over $10,000. This court does have supplemental jurisdiction to hear state claims of intentional infliction of emotional distress against Elena Levintova under 28 U.S.C. § 1367. Finally Title VII does not prevent Plaintiff from bringing claims under the Fifth Amendment to the constitution.

### A. The Little Tucker Act Grants Jurisdiction for Plaintiff Claims Under the Equal Pay Act.

The Little Tucker Act Provides, 28 U.S.C. § 1346(a)(2), provides in pertinent part that: "District courts shall have original jurisdiction concurrent with the Court of Claims of any other civil action or claim against the United States not exceeding $ 10,000 in amount founded in either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

Defendant admits that that there is jurisdiction as long as Plaintiff disclaims any damages over $10,000. Accordingly, Plaintiff has included a declaration disclaiming damages over $10,000. Accordingly, Plaintiff has clearly and adequately expressed an intention to waive any claims under the Equal Pay Act that are in excess of the jurisdictional limit. This court has jurisdiction to hear Plaintiff's Equal Pay Act claims under 28 U.S.C. § 1346(a)(2).

In the alternative, if the declaration is deemed insufficient, Plaintiff seeks leave to amend the complaint to expressly disclaim monetary damages over $10,000 in order to clearly and adequately express an intention to waive any claims in excess of the jurisdictional limit. The unfairly withheld wages, and associated interest, amount to approximately $10,000, and thus it would be in the interest of justice to allow an amendment if a wavier in the complaint is required to preserve jurisdiction. The instant case is analogous to *Allen v City of Beverly Hills*, 911 Fed 2nd 367, 373 (9th Cir.1990) where the court found that in exercising its discretion the district court must be guided by the command of Fed. R. Civ. P 15(a) which provides that leave shall be freely given when justice so requires.

**B. This Court has Supplemental Jurisdiction over Plaintiff's claim for Intentional Infliction of Emotional Distress against Elena Levintova because the claim arises from the same set of facts as the Due Process Claim.**

The supplemental jurisdiction of this Court is invoked over claims which arise under California law by virtue of the fact that such claims arise out of the same transaction or series of transactions or nucleus of operative facts as do the claims herein under federal constitutional and statutory law. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1367 and 28 U.S.C. § 1346(b).

**C. Title VII does not preempt Plaintiff's claims under the 5th amendment of the Constitution.**

In *Hutchison v. Lake Oswego School Dist.*, 374 F. Supp. 1056, 1063 (D. Ore. 1974). Plaintiff teacher filed a motion for a declaratory judgment and damages under Title VII of the Civil Rights Act of 1964, and the Equal Protection Clause of the Fourteenth Amendment to the United

States Constitution, on her claim against defendant school district for its refusal to permit the teacher to apply her accumulated sick leave pay to her recovery after childbirth.

The court found that the sick leave policy denies pregnant women such as the plaintiff in Hutchinson equal protection of the laws because it treats pregnancy differently than other medical disabilities. Because pregnancy, though unique to women, is like other medical conditions, the failure to treat it as such amounts to discrimination which is without rational basis, and therefore is violative of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

The instant case is analogous to Hutchison, because both Abouelhassan and Hutchison made claims under the Equal Protection Clause of the United States Constitution alleging discrimination based on sex (Ms. Hutchison's claim was based on the Equal Protection Clause of the 14th Amendment and Plaintiff's claim in the instant case is based on Equal Protection Clause component of the Due Process Clause of the 5th Amendment). As did the court in Hutchinson, the court should find here that Title VII is no bar to a constitutional claim.

In *Piva v Xerox Corporation*, 376, F. Supp. 242, 246 (N.D. Cal. 1974) the court found that Rights under Title VII of the Civil Rights Act of 1964 are independent of rights created by other statutes or by contract, and where remedies overlap, a plaintiff may select the avenue of relief that seems to him most appropriate. If Title VII rights are independent of statutes or contract, Title VII rights ought to be independent of constitutional rights as well, and thus Plaintiff should be able to select his constitutional rights as the avenue of relief if that seems to him most appropriate.

We distinguish from *Williams v Gen Servs. Admin.*, 905 F. 2d 308, 311 (9th Cir. 1990) because in Williams, the district judge found Williams failed to present specific facts showing that there remained a genuine issue at trial, and on appeal, the court found that Williams had

Case No. C07-4038 RS
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT

sought emotional and punitive damages under Title VII, where such claims are unavailable. In the instant case Plaintiff asserts specific facts showing that there remains a genuine issue at trial, and does not rely on Title VII for his claim of emotional damages.

**D. Mr. Fischer is a proper defendant in this matter because he is the head of the unit and is responsible for the actions of Ms. Allison.**

Mr. Fischer, in his official capacity as Leader of the Defense Language Institute, Presidio of Monterey, Department of Defense, is a proper defendant in this matter because he is the unit head of the Defense Language Institute. Thus, Mr. Fischer is responsible for the actions of his subordinates, one of which is Ms. Allison, who is Plaintiff's supervisor.

## IV. CONCLUSION

For the above stated reasons Defendant's motion must be denied. In the alternative, if the declaration is deemed insufficient, plaintiff seeks leave to amend the complaint to expressly disclaim monetary damages over $10,000 in order to clearly and adequately express an intention to waive any claims in excess of the jurisdictional limit for Plaintiff's Equal Pay Act claims under 28 U.S.C. § 1346(a)(2).

Dated: February 1, 2008                                  Respectfully Submitted,

                                                                              /s/
                                                                Mark Malachowski
                                                                Attorney for Mohamed Abouelhassan