JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   Claire.Cormier@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mohamed Abouelhassan, ) | Case No. C 07-4038 RS |
| ) | |
| Plaintiff, ) | DEFENDANTS' REPLY |
| ) | MEMORANDUM IN SUPPORT OF |
| v. ) | MOTION TO DISMISS |
| ) | |
| The United States of America, Donald ) | Date: February 27, 2008 |
| Fischer, Jr.; Elena Levintova Allison, ) | Time: 9:30 a.m. |
| ) | Courtroom 4, 5th Floor |
| Defendants. ) | Honorable Richard Seeborg |

## I.    INTRODUCTION

Defendants concede that, to the extent that Plaintiff waives any recovery in excess of $10,000 on his Equal Pay Act claim in his Opposition Brief and Affidavit, the Court would have subject matter jurisdiction to entertain that claim against the United States pursuant to the Little Tucker Act's jurisdictional limit. *See Wilkins v. United States*, 279 F.3d 782, 785 (9th Cir. 2002). Defendants do not concede that such claim has merit, only that it, like the Fair Labor Standards Act claim against the United States, can survive a motion to dismiss. However, Plaintiff has not demonstrated that his claims for Intentional Infliction of Emotional Distress and Violation of Due Process can survive, nor has he shown that the individual defendants are proper parties for any claim. The motion to dismiss should be granted as to the third and fourth causes of action and as to all claims against the individual defendants.

Plaintiff's Opposition to Defendant's Partial Motion to Dismiss First Amended Complaint ("Opposition") is replete with general legal conclusions and citations to materials that have no relevance to issues before the Court. Plaintiff attempts to raise tort claims against a federal agency (and federal employees in their official capacity) by claiming that the Court can exercise supplemental jurisdiction. Opposition at 5. Notably absent from the Opposition is any showing that the United States has waived sovereign immunity, which also extends to its employees, Ms. Allison and Mr. Fischer, for the tort actions Abouelhassan raises. Furthermore, Plaintiff attempts to avoid the preemptive nature of Title VII as the sole remedy for federal employment discrimination by citing various District Court cases that do not address federal employment. Opposition at 5-7. The Supreme Court has held that Title VII is the exclusive remedy for claims of discrimination in federal employment.

## II.    ARGUMENT

### A.    Plaintiff's Tort Allegations Are Barred By Sovereign Immunity

Plaintiff alleges that the Court's supplemental federal jurisdiction under 28 U.S.C. § 1367 and the grant of jurisdiction for the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b),[1] allow him to bring his claim for Intentional Infliction of Emotional Distress against Ms. Allison in this forum. Opposition at 5. Plaintiff attempts to attach this state law claim to his claims "under federal constitutional and statutory law." *Id.* Plaintiff's argument fails to appreciate the bar to litigation imposed by the United States' sovereign immunity.

Even though Plaintiff alleges that his Intentional Infliction of Emotional Distress claim arose of the same operative facts as some federal cause of action, he must nevertheless

---

[1] Plaintiff also alleges that subject matter jurisdiction for his state law tort claim is based upon 28 U.S.C. § 1346(b). Opposition at 5. 28 U.S.C. § 1346(b) states, in pertinent part, that the grant of jurisdiction is "[s]ubject to the provision of the Chapter 171 of this title . . . ." 28 U.S.C. § 1346(b). Chapter 171 of Title 28 consists of sections 2671-2680, more commonly known as the Federal Tort Claims Act. As noted in Defendant's motion, Plaintiff has neither pled a cause of action under the FTCA in his Amended Complaint, nor has he demonstrated compliance with the FTCA's administrative exhaustion requirements. *See* Defendants' Notice of Motion and Partial Motion to Dismiss First Amended Complaint ("Motion to Dismiss") p. 9-10; *see also* Amended Complaint. Plaintiff cannot claim that this Court has jurisdiction over his state law tort claim pursuant to the FTCA's grant of jurisdiction, when he never pled an FTCA cause of action.

REPLY MEMORANDUM RE MOTION TO DISMISS
Case No. C07-4038 RS                    -2-

demonstrate that there has been a wavier of sovereign immunity for any state claim he wishes to attach. 28 U.S.C. § 1367 may operate to vest a District Court with subject matter jurisdiction over a claim normally confined to the state courts, but the statute does not operate to waive the United States' sovereign immunity for the underlying state law claim. *See Sanborn v. United States*, 453 F.Supp. 651, 655 (E.D. Cal. 1977) (stating that court will not use the judge-made doctrine of pendant jurisdiction to "waive the immunity of the United States, where Congress, the constitutional guardian of this immunity, has declined to do so."); *Wilkerson v. United States*, 67 F.3d 112, 119 n.13 (5th Cir. 1995) (Section 1367 cannot be used to waive the United States sovereign immunity for Fifth Amendment violations unless Congress specifically allows it).

Plaintiff has raised no argument in his Opposition relating to a waiver of sovereign immunity for the Due Process Claim under the Fifth Amendment to the United States Constitution (Count IV of the Amended Complaint). The Ninth Circuit has held that, except for Fifth Amendment Takings Claims (which Plaintiff has not pled) sovereign immunity bars actions against the United States for direct constitutional violations. *See* Motion to Dismiss at 10; *see also Arnsberg v. United States*, 757 F.2d 971, 980 and n.7 (9th Cir. 1985).

Plaintiff has failed to demonstrate a waiver of sovereign immunity, even if his state and constitutional tort claims arose out of the same operative facts as his federal claims, and, therefore, the Court should dismiss Count III (Intentional Infliction of Emotional Distress) and Count IV (Violation of Fifth Amendment Due Process) against all Defendants pursuant to the sovereign immunity bar.

### B.    Plaintiff's State and Constitutional Tort Claims are Preempted by Title VII.

Plaintiff attempts to avoid dismissal of his constitutional tort claim by citing several District Court decisions involving **non-federal employee** plaintiffs who were allowed to raise constitutional claims in addition to Title VII claims.[2] Opposition at 5-6. Abouelhassan's reliance on non-federal employment precedent is misguided. While the decisions cited by

---

[2] While Plaintiff limits his Title VII preemption analysis to his constitutional claims, the preemptive nature of Title VII would also bar his state law tort claim for Intentional Infliction of Emotional Distress.

REPLY MEMORANDUM RE MOTION TO DISMISS
Case No. C07-4038 RS                -3-

1  Plaintiff allowed non-Title VII discrimination claims, these cases are factually distinguishable
2  because they involved private-sector and non-federal employees.  The Supreme Court has
3  expressly stated that Title VII "provides the exclusive remedy for claims of discrimination in
4  federal employment." *Brown v. General Servs. Admin.*, 425 U.S. 820, 835 (1976).

5  Abouelhassan's attempt to distinguish the holding of *Williams v. General Servs. Admin.*,
6  908 F.2d 308 (9th Cir. 1990), is equally unavailing.  Plaintiff attempts to overcome the
7  preemptive nature of Title VII by claiming "there remains a genuine issue at trial and [he] does
8  not rely on Title VII for his claim of emotional damages."  Opposition at 7.  Plaintiff's argument
9  fails to appreciate the holding of *Williams*:

> a federal employee cannot assert an extra-statutory damages claim for violations arising out of the employment context where an adequate statutory procedure exists for dealing with such claims. . . .  Furthermore, where a federal employee pursues a Title VII claim against the government, he is precluded from asserting discrimination claims against individual federal employees who may have participated in the case.

13  *Williams*, 905 F.2d at 311 (citing cases, internal citation omitted).  Abouelhassan, a federal
14  employee, is attempting to raise extra-statutory damages claims for employment discrimination
15  (Intentional Infliction of Emotional Distress and Violation of Due Process) when the statutory
16  procedure and protections of Title VII exist to deal with such allegations.  The fact that
17  Abouelhassan failed to pursue a claim through the EEO administrative process or plead a Title
18  VII claim in his Amended Complaint is irrelevant to whether the procedures and protections were
19  available to him.  The exclusivity of Title VII as the remedy for federal employees alleging
20  workplace discrimination bars Abouelhassan's state and constitutional tort claims predicated
21  upon alleged discrimination in his federal employment.[3]

22  **C.    Plaintiff's Constitutional and State Tort Claims are Preempted by FTCA**

23  The FTCA provides the exclusive remedy for persons injured due to the negligent or
24  wrongful acts and omissions of employees of the federal government while acting within the

---

[3] Defendant contends that Plaintiff is raising his discrimination claims under the guise of Intentional Infliction of Emotional Distress and Denial of Fifth Amendment Due Process to improperly circumvent the administrative exhaustion requirements of Title VII.  Plaintiff failed to comply with Title VII's administrative requirements and now seeks to manipulate his pleadings to overcome his failure.

scope of their employment. *See* 28 U.S.C. § 2679(b)(1). Defendant previously argued that Abouelhassan's constitutional and state tort claims arising from his federal employment were preempted by the comprehensive remedial nature of the FTCA. Motion to Dismiss at 9-10. Because Abouelhassan provided no argument or legal authority in opposition, it appears that he has conceded this point. *Cf. Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005) (where a plaintiff's opposition to summary judgment fails to address defendant's arguments with respect to certain claims, plaintiff has abandoned those claims). However, much like any possible Title VII claim, Abouelhassan failed to comply with the administrative exhaustion requirements of the FTCA and has not pled a FTCA cause of action in his Amended Complaint. Therefore, for the additional reason that the FTCA is the exclusive remedy for Plaintiff's allegations sounding in tort, this Court should dismiss Counts III and IV.

### D. This Court Should Dismiss Ms. Allison and Mr. Fischer as Defendants.

Plaintiff alleges that Mr. Fischer is a proper defendant "because as unit head Mr. Fischer is responsible for the actions of his subordinates, one of which is Ms. Allison." Opposition at 2. Plaintiff's argument misses the mark. First, nothing contained in Plaintiff's Amended Complaint demonstrates Mr. Fischer took any action or failed to take an action that constitutes a violation of law. Plaintiff's *respondeat superior* theory of liability is insufficiently pled to state a cause of action, even if such a cause of action were allowed. *See Ivey v. Board of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.") The purported allegations against Mr. Fischer are even more nebulous than those articulated in *Ivey*. Plaintiff's Amended Complaint merely identifies Mr. Fischer's duty position; he failed to allege or prove that Mr. Fischer had sufficient oversight and involvement to support vicarious liability.

Even more fatal to Abouelhassan's attempt to name Mr. Fischer – or for that matter Ms. Allison – as an individual defendant in this matter is that fact that any claims against either Mr. Fischer or Ms. Allison, in their official capacity, are barred by sovereign immunity. *See Gilbert v. DaGrossa*, 756 F.2d 1455, 1458-9 (9th Cir. 1985) (suit against an officer or employee of the United States in their official capacity is essentially suit against the United States and the bar of

sovereign immunity applies); *see also Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir. 2006) (suit against defendants in their official capacity would be merely another way of pleading an action against the United States, which is barred by sovereign immunity). Plaintiff admitted that he brought suit against Mr. Fischer and Ms. Allison in their "official capacity." Amended Complaint ¶¶ 10-11. Therefore, the Complaint shows that both individually named defendants are entitled to sovereign immunity because plaintiff has not met his burden of demonstrating a waiver of sovereign immunity as to these defendants. *See FDIC v. Myer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the federal government and its agencies from suit."). As demonstrated above, merely because Plaintiff alleged some statutory basis for federal court jurisdiction, he has not met his burden. Not only must Plaintiff establish a statutory basis for federal subject matter jurisdiction, but he also must demonstrate that the United States has waived its sovereign immunity in those statutes as to the individual defendants.

Abouelhassan has provided no argument or authority demonstrating that the sovereign immunity enjoyed by Ms. Allison and Mr. Fischer has been waived for the state and constitutional tort claims. Furthermore, Plaintiff has not shown that either of the individual defendants, in their official capacity, are proper parties under any statute where the United States' sovereign immunity has been waived. Based upon the Plaintiff's failure to establish that this Court has proper subject matter jurisdiction over any claim that properly names Mr. Fischer or Ms. Allison, the Defendant moves that they be dismissed with prejudice as parties to this lawsuit.

## III. CONCLUSION

For the reasons stated above, Defendant respectfully requests this Court to dismiss Counts III and IV of the Amended Complaint and dismiss Ms. Allison and Mr. Fischer, as individual parties in their official capacity, as parties to this litigation with prejudice.

Respectfully submitted,

DATED: February 13, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Claire T. Cormier
CLAIRE T. CORMIER
Assistant United States Attorney