Mark Malachowski (CSBN 242696)
Malachowski and Associates
760 Market Street, Suite 947
San Francisco, CA 94102
Telephone: (415) 983–0717
FAX: (415) 986–8068
mark@marklawsf.com

Attorney for the Plaintiff Mohamed Abouelhassan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mohamed Abouelhassan, | Case No. C 07-4038 RS |
| Plaintiff, | |
| v. | |
| | JOINT CASE MANAGEMENT STATEMENT |
| The United States of America, Donald Fischer, Jr.; Elena Levintova Allison, | |
| Defendants. | |

The parties to the above-entitled case jointly submit this Case Management Statement and request that the Court adopt the Statement in issuing its Case Management Order.

1. <u>Jurisdiction and Service</u>

a)  Plaintiff is alleging violations of his rights under The Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C.A §215(a)(3), and the Equal Pay Act (EPA) of 1963, 29 U.S.C. 206(d), as well as claims for intentional infliction of emotional distress and deprivation of rights, privileges and immunities under the 5th.  Plaintiff alleges that jurisdiction is conferred

upon this Court by 28 U.S.C. § 1346(b), 29 U.S.C. § 216(b), 29 C.F.R. § 1620.1, et seq., 28 U.S.C. § 1331, 29 C.F.R § 215(a)(3), 28 U.S.C. § 1346(b).  Plaintiff also alleges supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Defendant has previously brought a motion to dismiss which challenges certain aspects of jurisdiction.  Defendant reserves the right to bring additional jurisdictional challenges should Plaintiff be allowed to amend his complaint.

b)   To the extent this court has jurisdiction, venue is proper under 28 U.S.C. § 1391 because the allegedly unlawful acts and practices alleged herein occurred within this judicial district.

c)   There are no issues regarding personal jurisdiction or venue.

d)   As to the current version of the complaint in this action, no parties remain to be served.

2. Facts

This case arises from Plaintiff, Mohamed Abouelhassan's (Mr. Abouelhassan) employment at the Defense Language Institute (DLI), a civil division of the U.S. Army.  While employed at the DLI, Mr. Abouelhassan claims he suffered severe discrimination at the hands of his supervisors and co-workers.  Mr. Abouelhassan claims he was discriminated against because of his race, religion, ethnicity, and sex.

Plaintiff MOHAMED ABOUELHASSAN filed the first amended complaint on December 3, 2007, against The United States, Donald C. Fischer, Jr., and Elena Levintova Allison.

The principal factual issues which the parties dispute:

(a)     Whether plaintiff was discriminated against

(b)     Amount of damages, if any

Case No. C07-4038 RS
JOINT CASE MANAGEMENT STATEMENT

*abouelhassan.cmc.5*

3. <u>Legal Issues</u>

Mr. Abouelhassan alleges four causes against the Defendants for: 1) Violations of the Equal Pay Act (EPA); 2) Violations of the Fair Labor Standards Act (FLSA); 3) Intentional Infliction of Emotional Distress; and 4) Violation of the Equal Protection Clause of the United States Constitution. Plaintiff conceded Count 3 in the motion hearing. The parties' positions with regard to the constitutional claims in Count 4 are described in the parties' respective filings in support of and in opposition to defendants' pending motion to dismiss. In addition, while Counts 1 and 2 likely will survive the motion to dismiss, defendants contend that Plaintiff will not be able to meet the legal standards to prevail on such claims.

4. <u>Motions</u>

Defendants' motion to dismiss was heard on February 27, 2008, and the decision is pending. It is currently unknown whether future motions are forthcoming, though defendants anticipate filing a motion for summary judgment after some discovery.

5. <u>Amendment of Pleadings</u>

Plaintiff intends to join Pete Geren, Secretary of Army, after exhaustion of administrative remedies. Defendants contend that exhaustion of administrative remedies must be completed prior to initiating a lawsuit and therefore such joinder is inappropriate in this action.

6. <u>Evidence Preservation</u>

Steps have been taken to preserve all the necessary evidence.

7. <u>Disclosure</u>

Plaintiff and Defendant will serve their Initial Disclosures pursuant to Rule 26 within 14 days after defendants answer the complaint.

8. <u>Discovery</u>

The parties have agreed to the following discovery plan:

(a)    Each party may take up to ten depositions.

(b)    Each party shall be entitled to propound up to 25 written interrogatories;

(c)    Each party may propound a reasonable number of requests for production of documents or things;

(d)    Each party may propound a reasonable number of requests for admissions.

The parties propose that a schedule for this case, including discovery deadlines, be set at a further case management conference after defendants answer the complaint.

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

There are no related cases in this or any other Court. Plaintiff is currently pursuing administrative remedies with his employer.

11. <u>Relief</u>

Plaintiff seeks monetary relief in the amount according to proof, including but not limited to uncompensated wages, promotion and benefits; for general damages for severe emotional distress, and special damages in the amount according to proof; for the interest on damages awards, including prejudgment interest, and for reasonable attorney fees and costs; for cost of suit herein and for such other and further relief as this court deems just and proper. Defendants deny that plaintiff is entitled to any relief.

12. Settlement and ADR

Counsel report that they have met and conferred regarding ADR and have agreed to participate in Court-sponsored mediation, pursuant to ADR L.R. 6.

13. Consent to Magistrate Judge for all Purposes

The parties consent to assignment of this case to a United States Magistrate Judge for all proceedings, including trial and entry of judgment.

14. Other References

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. Narrowing of Issues

Facts not in dispute may be the subject of stipulations. Defendants note that their currently pending motion to dismiss may narrow the issues in this case, as may a subsequent motion for summary judgment.

16. Expedited Schedule

This is not a case that can be handled on an expedited basis with streamlined procedures.

17. Scheduling

The parties propose that a schedule for this case, including discovery deadlines, be set at a further case management conference after defendants answer the complaint.

18. Trial

The parties expect that the trial will last for 3-4 days. Plaintiff requests a jury trial. Defendants contend that plaintiff is not entitled to a jury trial for the types of claims in this action.

19. Disclosure of Non-party Interested Entities or Persons

While the parties have not filed a "Certification of Interested Entities or Persons," the parties are not aware of any nonparties with a financial interest in this action, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. Other Matters

The parties have entered into preliminary settlement negotiations.


DATED:  March 18, 2008                          Respectfully submitted,


                                                _____/s/_____
                                                MARK T. MALACHOWSKI
                                                Attorney at Law

DATED: March 18,  2008                          JOSEPH P. RUSSONIELLO
                                                United States Attorney


                                                _____/s/_____
                                                CLAIRE T. CORMIER
                                                Assistant United States Attorney