**\*E-FILED 4/11/08\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MOHAMED ABOUELHASSAN,

Plaintiff,

v.

THE UNITED STATES OF AMERICA, et al.,

Defendants.

NO. C 07-4038 RS

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12 (b)(1) and 12 (b)(6), defendants, the United States of America, Donald C. Fischer, Jr. in his official capacity as Provost of the Defense Language Institute ("DLI"), and Elena Levintova Allison in her official capacity as plaintiff's former supervisor at the DLI, move to dismiss plaintiff's first, third, and fourth claims for relief for lack of subject matter jurisdiction, and to dismiss individual defendant Fischer for failure to state a claim upon which relief could be granted. Based upon the briefs and arguments of the parties, the motion will be granted in part and denied in part.

## II. BACKGROUND

Plaintiff Mohamed Abouelhassan was hired by DLI as an assistant professor on April 3, 2006. On November 19, 2007, he was informed of a pending lay-off. Two days later, Abouelhassan filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") subsequently filed suit in this court. The operative first amended complaint alleges: (1) defendants violated the Equal Pay Act of 1963 ("EPA") when Abouelhassan was hired at a

lower salary than a female colleague, (2) defendants violated the Fair Labor Standards Act when Allison allegedly retaliated against Abouelhassan by giving him a poor performance review, (3) Allison intentionally inflicted emotional distress upon Abouelhassan when she allegedly made disparaging remarks about him, and (4) defendants' conduct violated Abouelhassan's equal protection rights under the Due Process clause of the Fifth Amendment.

### III.  STANDARDS

#### A. Subject Matter Jurisdiction

A court may hear claims against the United States only if it has subject matter jurisdiction, otherwise the court must dismiss them.  Claims against an agent of the United States, in his or her official capacity, are also deemed claims against the United States.  *Balsar v. Dep't of Justice,* 327 F.3d 903, 906 (9th Cir. 2003).  To establish that the court has jurisdiction, a plaintiff must show that the government has waived sovereign immunity.[1]  *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182, 189 (1936); *Tucson Airport Auth. v. Gen. Dynamics Corp.*, 136 F.3d 641, 644 (9th Cir. 1998).  Federal court jurisdiction cannot be presumed or inferred but must be affirmatively and distinctively pled.  *Norton v. Larney*, 266 U.S. 511, 515 (1986).  In determining whether a case arises under federal law, a court is generally confined to the plaintiff's well-pled complaint.  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

#### B. Failure To State A Claim For Which Relief Could Be Granted

A pleading must contain at least a short and plain statement of the claim that shows the pleader is entitled to relief.  Fed. R. Civ. P. 8(a)(2).  Defendants' Rule 12 (b)(6) motion tests the legal sufficiency of the claims alleged in Abouelhassan's complaint.  *See Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  Dismissal under Rule 12 (b)(6) may be based either on the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).  Hence, the issue on a motion to dismiss for failure to state a claim is not whether the

---

[1] Sovereign immunity protects the government and its agencies from lawsuits except where the government has waived it.  *Hercules Inc., v. United States*, 516 U.S. 417, 422 (1996); *United States v. Testan*, 424 U.S. 392, 399 (1976).

2

claimant will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997), *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Although the pleading does not need detailed factual allegations, it, however, requires more than just labels, conclusions, or a formulaic recitation of the elements of the claims. *Twombly*, 127 S.Ct. at 1964-65, 1968.

## IV. DISCUSSION

### A. There Is Subject Matter Jurisdiction To Hear The First Claim For Relief

Abouelhassan must first establish that this court has jurisdiction to hear his claims. Defendants argue that Abouelhassan has not established subject matter jurisdiction for his EPA claim (count one). Because the Tucker Act, 28 U.S.C. section 1491, vests subject matter jurisdiction over "any claim against the United States" with the Court of Federal Claims,[2] Abouelhassan cannot establish jurisdiction via the Tucker Act. The Little Tucker Act, 28 U.S.C. section 1346 (a)(2), however, vests subject matter jurisdiction with the district court if the claim does not exceed $10,000. In his opposition, Abouelhassan expressly waives any recovery in excess of $10,000 on his EPA claim. On its reply and at the hearing, defendants acknowledge that Abouelhassan may pursue the first claim for relief in light of his waiver. Accordingly, the motion to dismiss is denied as to the first claim for relief.

### B. The Third And Fourth Claims For Relief Are Dismissed Without Leave To Amend

Defendants argue that both the third and fourth claims for relief should be dismissed because, although the claims are pleaded as constitutional or state law torts claims, they are in fact federal employment discrimination claims. Because Abouelhassan admittedly has not pursued and exhausted his administrative remedies through the EEOC for such employment

---

[2] 28 U.S.C. section 1491 (a)(1) provides that "[t]he United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."

3

claims, the government contends they must be dismissed.[3] At oral argument, Abouelhassan conceded his third claim should be dismissed but argues that his fourth claim for relief should survive because it is a claim under the Fifth Amendment and therefore broader than, and distinct from, an employment claim.

*Brown v. General Servs. Admin.* states that the Civil Rights Act of 1964 section 717, otherwise known as Title VII, "provides the exclusive judicial remedy for claims of discrimination in federal employment." 425 U.S. 820, 835 (1976). Abouelhassan may not pursue claims related to work place discrimination outside of Title VII. *See also Holloway v. Bentsen*, 870 F. Supp. 898, 900 (N.D. Ind. 1994) ("Title VII is a federal employee's exclusive avenue for relief from allegedly discriminatory employment practices"). Further, this exclusivity applies equally to claims styled as "constitutional" challenges. *See also Makky v. Chertoff*, 489 F. Supp. 2d 421, 432 (D.N.J. 2007) (dismissing employment discrimination claims alleging Fifth Amendment Due Process violations because exclusive remedy lies in Title VII). Abouelhassan fails to show how his fourth claim for relief falls outside this rule.[4]

Additionally, as defendants point out, even if Title VII exclusivity did not apply, sovereign immunity would still bar these claims, unless Abouelhassan could demonstrate compliance with the procedures for bringing claims under the Federal Torts Claims Act, 28 U.S.C. section 1346. Abouelhassan's opposition to the motion to dismiss and his amended complaint fail to address this point at all. Accordingly, the motion to dismiss is granted as to the third and fourth claims for relief.

---

[3] *See* 28 U.S.C. § 2675 (a); *Vinieratos v. United States*, 939 F.2d 762, 768 (9th Cir. 1991) (federal employees must exhaust administrative remedies prior to filing suit). Here, Abouelhassan acknowledges that he has not exhausted his administrative requirements. *See* Complaint ¶ 33 (alleging that "greater, impending harm will be incurred before the exhaustion of administrative remedies is complete").

[4] Abouelhassan cites to *Davis v. Passman*, 442 U.S. 228 (1979) for the proposition that he may state a claim outside of Title VII. *Davis,* however, concerned a claim by a Congressional employee and Congress has exempted itself from the purview of Title VII.

4

### C. Abouelhassan Failed To State A Claim Against Donald C. Fischer

Defendants move to dismiss Fischer from the suit for failure to state a claim against him.[5] Defendants assert that Abouelhassan fails to allege any conduct at all on Fischer's part. Indeed, Fischer's name appears only as a defendant to the action and as a defendant under the "PARTIES" section. The rest of the complaint is devoid of any mention of him. Accordingly, defendants' motion to dismiss Fischer as a named defendant is granted.

## V.  CONCLUSION

For the reasons set out above, the motion to dismiss counts three and four and the motion to remove Fischer as a party to this lawsuit is GRANTED. At the hearing, Abouelhassan disclaimed any interest in obtaining leave to amend. Accordingly, no such leave will be granted.

IT IS SO ORDERED.

Dated: April 11, 2008

RICHARD SEEBORG
United States Magistrate Judge

---

[5] On reply, defendants argue that individual defendant Allison should also be dismissed. Because the motion did not seek her dismissal, the court declines to reach that argument.

ORDER GRANTING MOTION TO DISMISS
C 07-4038 RS

5

**THIS IS TO CERTIFY THAT NOTICE OF THIS ORDER HAS BEEN GIVEN TO:**

Mohamed Abouelhassan    alslanguage@gmail.com

Claire T. Cormier    claire.cormier@usdoj.gov

Mark Tad Malachowski    mark@marklawsf.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the Court's CM/ECF program.

**Dated: 4/11/08**                                          **Richard W. Wieking, Clerk**

                                                            **By:        Chambers**

ORDER GRANTING MOTION TO DISMISS
C 07-4038  RS