JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney

   150 Almaden Blvd., Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5082
   FAX: (408) 535-5081
   Claire.Cormier@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mohamed Abouelhassan, | Case No. C 07-4038 RS |
|    Plaintiff, | DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT |
| v. | |
| Elena Levintova Allison, Department of Defense, Defense Language Institute, | |
|    Defendants. | |

     Defendants Elena Levintova Allison, the Department of Defense, and the Defense Language Institute, by and through their counsel, hereby answer and otherwise respond to the Plaintiff's First Amended Complaint ("Complaint") as follows. All paragraph references are to the Complaint.

     Defendants note that the Court has issued an order dismissing Plaintiff's third and fourth claims for relief for intentional infliction of emotional distress and violation of the due process clause of the fifth amendment to the United States Constitution. The Court also dismissed all claims against Defendant Donald C. Fischer. Accordingly, Mr. Fischer does not answer the Complaint, and the remaining Defendants will not answer allegations relating to the third and fourth claims for relief.

## JURISDICTION AND VENUE

1. Paragraph 1 is an introductory paragraph that constitutes Plaintiff's characterization of this lawsuit, to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny any allegation or inference of liability from this paragraph. To the extent that Paragraph 1 pleads Plaintiff's jurisdictional allegations and that the Court has jurisdiction to entertain Plaintiff's claim at all, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's Equal Pay Act Claim under 29 U.S.C. 206(d) and FLSA Retaliation claim under 29 U.S.C. §§ 215(a)(3) & 216(b), but only to the extent that Plaintiff has waived any claim in excess of the $10,000 jurisdictional limit imposed by the Little Tucker Act, 28 U.S.C. 1346(a)(2). Defendants deny the remaining jurisdictional allegations raised in Paragraph 1.

2. To the extent that Paragraph 2 pleads Plaintiff's jurisdictional allegations and that the Court has jurisdiction to entertain Plaintiff's claim at all, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's FLSA Retaliation claim under 29 U.S.C. §§ 215(a)(3) & 216(b), but only to the extent that Plaintiff has waived any claim in excess of the $10,000 jurisdictional limit imposed by the Little Tucker Act, 28 U.S.C. 1346(a)(2). Defendants deny the remaining jurisdictional allegations raised in Paragraph 2.

3. Defendants note that the Court has dismissed Plaintiff's tort claims and therefore no response is required to this paragraph. To the extent a response is required, Plaintiff's allegations are denied.

4. Defendants note that the Court has dismissed Plaintiff's claim of constitutional violations and therefore no response is required to this paragraph. To the extent a response is required, Plaintiff's allegations are denied.

5. Defendants note that the Court has dismissed Plaintiff's tort claims and therefore no response is required to this paragraph. To the extent a response is required, Plaintiff's allegations are denied.

6. Defendants admit that venue is proper in this district, to the extent that the Court has subject matter jurisdiction to entertain the claims.

INTRADISTRICT ASSIGNMENT

7. Defendants admit that the San Jose Division is appropriate, to the extent that the Court has subject matter jurisdiction as the alleged civil action arose in Monterey County.

PARTIES

8. Defendants admit that Mohamed Abouelhassan is the Plaintiff in the case at bar. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8 and on that basis denies them.

9. Defendants admit that Mr. Abouelhassan is employed the Department of the Defense. Defendant denies the remaining allegations contained in Paragraph 9.

10. Defendants note that the Court has dismissed Plaintiff's claims against Donald Fischer and therefore no response is required to this paragraph. To the extent a response is required, Plaintiff's allegations are denied.

11. Defendants admit that Elena Allison is Mr. Abouelhassan's supervisor. Defendants deny the remaining allegations contained in Paragraph 11.

12. Defendants admit that Plaintiff is an Arab Egyptian who was hired by the Defense Language Institute (DLI) on or about April 3. 2006 at the rank of Assistant Professor.

13. Defendants admit that Plaintiff is an Arab Egyptian male. Defendants lack knowledge and information sufficient to form a belief as to the truth of the allegations of this paragraph relating to Plaintiff's religious practices, and, on that basis, they are denied. Defendant denies the remaining allegations contained in Paragraph 13.

14. Paragraph 14 constitutes Plaintiff's subjective characterization of DLI's historical makeup to which no responsive pleading is required. To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 14.

15. Defendants admit that Ms. Allison was Mr. Abouelhassan's supervisor after he was hired by the Department of the Army at DLI. Defendants admit that Ms. Allison is of Russian descent. Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in Paragraph 15 and on that basis denies them.

//

Case No. C07-4038 RS
ANSWER TO COMPLAINT

1     16.    Paragraph 16 constitutes Plaintiff's subjective characterization of DLI's historical mission and recent employment trends to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 16.

    17.    Paragraph 17 constitutes Plaintiff's subjective characterization of geopolitical and social policies between the former Soviet Union and Egypt to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants deny the allegations contained in Paragraph 17.

### FIRST CAUSE OF ACTION (VIOLATION OF EQUAL PAY ACT)

    18.    Paragraph 18 is an incorporation paragraph to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants incorporate their responses from Paragraphs 1-17 accordingly.

    19.    Defendants admit that Mr. Abouelhassan's starting salary on or about April 3, 2006 was $52,000.  Defendants admit that Ms. Svetlana Witmer's starting salary on or about March 27, 2006 was $58,000.  Defendants deny the remaining allegations contained in Paragraph 19.

    20.    Defendants admit that Ms. Witmer and Mr. Abouelhassan were hired as Assistant Professors in the Curriculum Development Department.  Defendants deny the remaining allegations contained in Paragraph 20.

    21.    Defendants deny the allegations contained in Paragraph 21.

### SECOND CAUSE OF ACTION (VIOLATION OF THE FAIR LABOR STANDARDS ACT)

    22.    Paragraph 22 is an incorporation paragraph to which no responsive pleading is required.  To the extent a responsive pleading is required, Defendants incorporate their responses from Paragraphs 1-21 accordingly.

    23.    Defendants deny the allegations contained in Paragraph 23.

    24.    Defendants admit that Plaintiff received a "1" on a scale of '1" to "5" on his performance review issued on October 23, 2006.  Defendants admit that Plaintiff received a '3" on a scale of '1" to "5" on his performance review issued in October 2007.  Defendants deny the

remaining allegations contained in Paragraph 24.  Defendants aver that Plaintiff was placed on a Performance Improvement Plan in July of 2007, based upon his failure to complete lessons plans while working in telecommute status.

25.    Defendants deny the allegations contained in Paragraph 25.

26.    Defendants deny the allegations contained in Paragraph 26.

### THIRD AND FOURTH CAUSES OF ACTION

27 through 49.    Defendants note that the Court has dismissed Plaintiff's tort claims and claims alleging constitutional violations.  Therefore, no response is required to these paragraphs.  To the extent a response is required, Plaintiff's allegations are denied.

50.    Defendants deny that many of the claims raised by Plaintiff are entitled to trial by jury.  To the extent that Paragraph 50 and its subparts (1)-(9), constitute Plaintiff's prayer for relief, the Defendants deny that Plaintiff is entitled to any relief.

In further answer to the Complaint and as separate affirmative defenses, defendants allege as follows:

### FIRST DEFENSE

The Court lacks subject matter jurisdiction for all or part of the claims raised in Plaintiff's Amended Complaint and for claims against some of the listed Defendants.

### SECOND DEFENSE

Plaintiff has failed to timely and properly exhaust his administrative remedies.

### THIRD DEFENSE

The Complaint fails to state a claim upon which relief can be granted.  Plaintiff fails to state facts sufficient to constitute a cause of action based on any form of sex discrimination, to include claims under the Equal Pay Act; retaliation for prior FLSA activity; or a hostile work environment.

### FOURTH DEFENSE

Plaintiff was not the victim of sex discrimination, to include claims under the Equal Pay Act; retaliation for prior protected FLSA activity; or a hostile work environment.

### FIFTH DEFENSE

Plaintiff fails to prove a *prima facie* case of sex discrimination, to include claims under the Equal Pay Act; retaliation for prior protected FLSA activity; or a hostile work environment.

### SIXTH DEFENSE

Defendant denies that plaintiff is entitled to recover any damages in connection with the actions alleged in the complaint; however, if damages are recovered with respect to her claims under the Equal Pay Act and the Fair Labor Standards Act, the amount of those damages is subject to and limited by 29 U.S.C. § 216.  In order to comply with the jurisdictional requirements of the Tucker Act, 28 U.S.C. § 1346(a)(2), the Plaintiff has affirmatively disclaimed any relief in excess of the $10,000 jurisdictional limit.

### SEVENTH DEFENSE

The exclusive remedy for employment discrimination based upon sex and retaliation for protected activity within the federal workplace raised in Plaintiff's Amended Complaint is the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.

### EIGHTH DEFENSE

The Defendants deny each and every material allegation in the Amended Complaint which is not specifically admitted herein and demand strict proof thereof.

### NINTH DEFENSE

The Defendants had legitimate, nondiscriminatory reasons for taking the actions which are the subject of this complaint that were not pretextual.  Any pay discrepancies regarding Plaintiff's salary and any female employee is made pursuant to a merit system and/or due to a discrepancy caused by a factor other than sex.

### TENTH DEFENSE

Even if discrimination or retaliation was a motivating factor regarding any of the alleged adverse personnel actions complained of, management would have made the same decisions Plaintiff complains of based on legitimate, nondiscriminatory reasons.

Case No. C07-4038 RS
ANSWER TO COMPLAINT

## ELEVENTH DEFENSE

The United States has not waived its sovereign immunity for several claims raised in the Amended Complaint.

WHEREFORE, Defendants pray that judgment be entered in their favor, that all costs be assessed against the Plaintiff, and that the Court grant such other and further relief it deems just and proper.

Respectfully submitted,

DATED: April 29, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

/s/ Claire T. Cormier

_____
CLAIRE T. CORMIER
Assistant United States Attorney

Case No. C07-4038 RS
ANSWER TO COMPLAINT