Mark Malachowski (CSBN 242696)
Malachowski and Associates
760 Market Street, Suite 947
San Francisco, CA 94102
Telephone: (415) 983 – 0717
FAX: (415) 986 – 8068
mark@marklawsf.com

Attorney for the Plaintiff Mohamed Abouelhassan

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Mohamed Abouelhassan, <br><br> Plaintiff, <br><br> v. <br><br> The United States of America, Donald Fischer, Jr.; Elena Levintova Allison, <br><br> Defendants. | Case No. C 07-4038 RS <br><br> JOINT CASE MANAGEMENT STATEMENT |

The parties to the above-entitled case jointly submit this Case Management Statement and request that the Court adopt the Statement in issuing its Case Management Order.

1. <u>Jurisdiction and Service</u>

   a) Plaintiff alleged violations of his rights under The Fair Labor Standards Act (FLSA) of 1938, 29 U.S.C.A §215(a)(3), and the Equal Pay Act (EPA) of 1963, 29 U.S.C. 206(d), as well as claims for intentional infliction of emotional distress and deprivation of rights, privileges and immunities under the Fifth Amendment. Plaintiff alleged that jurisdiction

is conferred upon this Court by 28 U.S.C. § 1346(b), 29 U.S.C. § 216(b), 29 C.F.R. § 1620.1, et seq., 28 U.S.C. § 1331, 29 C.F.R § 215(a)(3), 28 U.S.C. § 1346(b).  Plaintiff also alleged supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Defendant brought a motion to dismiss which challenges certain aspects of jurisdiction.  Pursuant to that motion, plaintiff's claims for intentional infliction of emotional distress and deprivation of rights, privileges and immunities under the Fifth Amendment were dismissed.

b) To the extent this court has jurisdiction, venue is proper under 28 U.S.C. § 1391 because the allegedly unlawful acts and practices alleged herein occurred within this judicial district.

c) There are no issues regarding personal jurisdiction or venue.

d) As to the current version of the complaint in this action, no parties remain to be served.

2. Facts

This case arises from plaintiff, Mohamed Abouelhassan's (Mr. Abouelhassan) employment at the Defense Language Institute (DLI), a civil division of the U.S. Army.  While employed at the DLI, Mr. Abouelhassan claims he suffered severe discrimination at the hands of his supervisors and co-workers.  Mr. Abouelhassan claims he was discriminated against because of his race, religion, ethnicity, and sex.

Plaintiff MOHAMED ABOUELHASSAN filed the first amended complaint on December 3, 2007, against the United States, Donald C. Fischer, Jr., and Elena Levintova Allison.   Donald C. Fischer, Jr. has since been dismissed as a defendant in this action.

The principal factual issues which the parties dispute:

    (a)    Whether plaintiff was discriminated against

    (b)    Amount of damages, if any

3. <u>Legal Issues</u>

Mr. Abouelhassan alleged four causes against the defendants for: 1) Violations of the Equal Pay Act (EPA); 2) Violations of the Fair Labor Standards Act (FLSA); 3) Intentional Infliction of Emotional Distress; and 4) Violation of the Equal Protection Clause of the United States Constitution. Counts 3 and 4 have been dismissed. In addition, while Counts 1 and 2 survived the motion to dismiss, defendants contend that plaintiff will not be able to meet the legal standards to prevail on such claims.

4. <u>Motions</u>

Defendants' motion to dismiss was heard on February 27, 2008. It resulted in the dismissal of Counts 3 and 4 of the complaint. It is currently unknown whether future motions are forthcoming, though defendants anticipate filing a motion for summary judgment after some discovery.

5. <u>Amendment of Pleadings</u>

Plaintiff intends to join Pete Geren, Secretary of Army, after exhaustion of administrative remedies. Defendants contend that exhaustion of administrative remedies must be completed prior to initiating a lawsuit and therefore such joinder is inappropriate in this action.

6. <u>Evidence Preservation</u>

Steps have been taken to preserve all the necessary evidence.

7. <u>Disclosure</u>

Plaintiff and defendants will serve their Initial Disclosures pursuant to Rule 26 by the date of the case management conference.

8. <u>Discovery</u>

The parties have agreed to the following discovery plan:

(a) Each party may take up to ten depositions.

(b) Each party shall be entitled to propound up to 25 written interrogatories;

(c) Each party may propound a reasonable number of requests for production of documents or things;

(d) Each party may propound a reasonable number of requests for admissions.

9. <u>Class Actions</u>

This is not a class action.

10. <u>Related Cases</u>

There are no related cases in this or any other Court. Plaintiff is currently pursuing administrative remedies with his employer.

11. <u>Relief</u>

Plaintiff seeks monetary relief in the amount according to proof, including but not limited to uncompensated wages, promotion and benefits; for general damages for severe emotional distress, and special damages in the amount according to proof; for the interest on damages awards, including prejudgment interest, and for reasonable attorney fees and costs; for cost of suit herein and for such other and further relief as this court deems just and proper. Defendants deny that plaintiff is entitled to any relief.

12. <u>Settlement and ADR</u>

Counsel report that they have met and conferred regarding ADR and have agreed to participate in Court-sponsored mediation, pursuant to ADR L.R. 6.

13. <u>Consent to Magistrate Judge for all Purposes</u>

The parties consent to assignment of this case to a United States Magistrate Judge for all proceedings, including trial and entry of judgment.

14. <u>Other References</u>

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>

Facts not in dispute may be the subject of stipulations. Defendants note that their previous motion to dismiss narrowed the issues in this case. Defendants expect that a subsequent motion for summary judgment may further narrow issues.

16. <u>Expedited Schedule</u>

This is not a case that can be handled on an expedited basis with streamlined procedures.

17. <u>Scheduling</u>

The parties propose that a schedule for this case, including discovery deadlines, be set at a further case management conference after some initial discovery and mediation.

18. <u>Trial</u>

The parties expect that the trial will last for 3-4 days. Plaintiff requests a jury trial. Defendants contend that plaintiff is not entitled to a jury trial for the types of claims in this action.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

While the parties have not filed a "Certification of Interested Entities or Persons," the parties are not aware of any nonparties with a financial interest in this action, or any other kind of interest that could be substantially affected by the outcome of the proceeding.

20. <u>Other Matters</u>

    The parties have entered into preliminary settlement negotiations.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED: May 14, 2008 | JOSEPH P. RUSSONIELLO<br>United States Attorney |
|  | /s/  Claire T. Cormier<br>_____<br>CLAIRE T. CORMIER<br>Assistant United States Attorney |
| DATED: May ___, 2008 |  |
|  | _____<br>MARK MALACHOWSKI<br>Attorney for Plaintiff |

Case No. C07-4038 RS
JOINT CASE MANAGEMENT STATEMENT

*abouelhassan cmc 5.doc*

- 6 -

20. Other Matters

The parties have entered into preliminary settlement negotiations.

Respectfully submitted,

DATED: May ___, 2008

JOSEPH P. RUSSONIELLO
United States Attorney

_____
CLAIRE T. CORMIER
Assistant United States Attorney

DATED: May 13, 2008

_____
MARK MALACHOWSKI
Attorney for Plaintiff

Case No. C07-4038 RS
JOINT CASE MANAGEMENT STATEMENT

abouelhassan.cmc.5(1)

- 6 -